[Civ. No. 5005. Second Appellate District, Division Two.—December 12, 1928.]

MARY ELIZABETH HEMMEON, Respondent, v. AMALGAMATED COPPER MINES COMPANY (a Corporation), Appellant.

Clark & Law for Appellant.

Ford, Bodkin, Watt & Herlihy for Respondent.

CRAIG, J.—The appellant was incorporated and had its principal place of business in the state of Arizona, and also

maintained an office and conducted business in Los Angeles County. On January 15, 1920, at Phoenix, Arizona, there were issued by appellant for public sale generally $50,000 worth of its promissory notes of the denomination of $250 each, and on or about July 1, 1920, respondent purchased four of said notes, payable January 15, 1922, with interest at seven per cent per annum. On May 24, 1922, this action was instituted for the collection of all four notes, with interest. Thereafter and on April 17, 1923, an amended complaint was served and filed, containing an additional count or cause of action for money had and received. Judgment was rendered in favor of the plaintiff for the full amount demanded, and the defendant appealed therefrom.

It is first contended that the trial court could not award any judgment to the plaintiff, for the reason that said corporation had not obtained from the commissioner of corporations a permit to issue or sell said securities; and that since they were issued and sold in violation of law, they were void and unindorsable. In support of this proposition appellant cites authorities holding that while one who has received the benefit of an illegal private contract is estopped to plead its invalidity, such rule does not apply to contracts which are void as against public policy; that the plaintiff and defendant herein were *in pari delicto*, and should have been left as the court found them. The trial court found, and it is not denied by appellant, that the respondent had no knowledge of the failure to obtain a permit, but it is argued that she must be presumed to have known the law and that the notes were void; that having failed to demand proof of the existence of a permit, respondent "passively if not actively became a participant in violating the law."

True, respondent must be presumed to have known the law requiring the possession of a permit as a prerequisite to the issuance and sale of securities, but it does not follow that she should be presumed to have known the *fact* that appellant had violated the law. The statute does not make it an offense innocently to *buy* securities issued without a permit first having been obtained by the seller, nor does it require that it shall be exhibited to the purchaser. Until the contrary appears, it will be presumed that a person is

innocent of crime or wrong, and that the law has been obeyed. (Code Civ. Proc., sec. 1963.) Respondent was entitled to assume that the law had been complied with. We can conceive of no just theory upon which a corporation could be upheld in retaining moneys fraudulently obtained from an innocent member of the general public by asserting that he was equally guilty because he bought worthless securities which public policy forbade the corporation to sell as genuine. To so hold would be but to penalize those for whose benefit such laws are established. In *Smith* v. *Bach,* 183 Cal. 259 [191 Pac. 14], the same question was presented. The supreme court there said: "There are authorities which, while not denying the general rule that an illegal contract cannot be enforced whether *malum in se* or *malum prohibitum,* hold that all the consequences which attend a contract contrary to public morals do not attend one which is purely *malum prohibitum,* and that in the latter case courts will take notice of the circumstances and will give relief if justice and equity require a restoration of money received by either party thereunder. (13 Corpus Juris, p. 411, sec. 341.) In such a case the complaining party is protected, the prohibition being for his benefit, and not being *in pari delicto* he is entitled to relief. (Id., p. 501, sec. 443.) By the weight of authority where money has been paid in consideration of an executory contract which is illegal, the party who has paid it may repudiate the agreement at any time before it is executed and reclaim the money. In such a case it is the duty of the court, in furtherance of justice, to aid one not *in pari delicto,* though to some extent involved in the illegality, but who, as here, is comparatively the more innocent, and to permit him to recover back money paid on a contract as the circumstances of the case may require." (Citing authorities.)

It is next argued that the plaintiff was not entitled to set up her count for money had and received by amendment more than two years after the two-year period of limitation has expired. As we have observed, the plaintiff first sued for $1,000 and interest upon the contract, and thereafter added a cause of action, which, when filed, was barred by section 339 of the Code of Civil Procedure. Had the plaintiff dismissed her action and attempted by a subsequent suit to recover by a common count the relief first

sought by an action upon contract, doubtless the trial court would properly have declined to entertain the action. But such is not the case. No different or additional relief was prayed. The same relief was demanded in a different way. This question was presented in *Cowell* v. *Snyder,* 171 Cal. 291 [152 Pac. 920], and *Union Lumber Co.* v. *J. M. Schouten & Co.,* 25 Cal. App. 80 [142 Pac. 910], and it was held that such amendments are not subject to the objection interposed, even though the amount demanded be increased by including items formerly overlooked. In the case last cited it was said, upon abundant authority: " . . . Both causes of action had the same and identical purpose; hence the amended complaint cannot be held to have set forth a new cause of action. . . . As both complaints were for the recovery of the price of the same lot of goods, the action itself, irrespective of the theory on which the right to recover was based, must be regarded as having been commenced when the original complaint was filed. There is no merit therefore in defendant's point that the statute of limitations had run against the cause of action set forth in the amended complaint."

The judgment is affirmed.

Works, P. J., and Thompson, J., concurred.