[L. A. No. 12861. In Bank.—March 22, 1932.]

JULES EBERHARD et al., Respondents, v. PACIFIC SOUTHWEST LOAN & MORTGAGE CORPORATION (a Corporation), Appellant.

Dudley Robinson and H. C. Miller for Appellant.

Bayard R. Rountree for Respondents.

Henry G. Bodkin, Bodkin & Lucas, Archibald M. Johnson, Willis I. Morrison and Laurence W. Beilenson, *Amici Curiae* for Respondents.

PRESTON, J.—Plaintiffs, assignees of a $1,000 note and mortgage made by defendant in favor of the National Loan Company of Los Angeles, a corporation, upon which default had been made in the payment of both principal and interest, brought this action to foreclose the mortgage. Defendant mortgagor answered admitting that no part of the principal of said promissory note had been paid and that upon presentment and demand for payment it had refused

to honor a $40 interest coupon attached to said note, which had fallen due some months before. And as the reason and grounds for such refusal, said defendant alleged that said note and mortgage was one of a series issued by it as a first lien upon certain parcels of land pursuant to a resolution of its board of directors, authorized by its articles of incorporation; that it entered into an agreement with the mortgagee whereby it sold, executed and delivered to said mortgagee, National Loan Company, the said series of mortgage notes and mortgages in consideration of the sum of fifty per cent of the face value thereof, whereupon said mortgagee thereafter sold, assigned and delivered the said mortgage notes and mortgages to divers persons; that no permit of the commissioner of corporations of this state for the issuance and sale of mortgage notes and mortgages was ever applied for or issued to it, pursuant to the provisions of the Corporate Securities Act of this state; that the said notes and mortgages composing said series are all securities as defined by the language of said act and, therefore, having been issued and sold without the sanction and permit of the corporation commissioner as aforesaid, they are void. Defendant prayed judgment against plaintiffs, declaring that plaintiffs take nothing and that said note and mortgage be declared null and void.

Plaintiffs thereupon demurred to the answer upon the ground that it did not state facts sufficient to constitute a defense to the cause of action alleged in their complaint for the reason that it affirmatively appeared from the allegations of said answer that the mortgage notes and mortgages are not securities within the meaning of said Corporate Securities Act, wherefore plaintiffs prayed judgment against defendant. The court below sustained the demurrer and judgment was duly entered thereon in favor of plaintiffs. Defendant appealed.

As above noted, appellant's sole defense is that the security it issued and sold, which is the subject of this suit, is one that required a permit from the state corporation commissioner and that no such permit was by it sought or obtained; hence the security is null and void and should be so declared. If, however, for the purposes of this opinion, the necessity for a permit be conceded, there is nothing whatsoever to show that plaintiffs are anything more

than the innocent victims of appellant, which now seeks to profit by its own deliberate wrong.

The inhibitions of the Corporate Securities Act (Deering's Gen. Laws, Supp. 1929, p. 3287, Act 3814) against sales of securities to the public without permits are meant to protect the public from imposition and deception— not primarily to benefit the seller. The seller and the purchaser are therefore in no sense *in pari delicto* where this provision is violated. The fact that the transaction may be void at the behest of the purchaser is not to allow a premium for real wrong done by the seller. The fundamental maxim that "no one can take advantage of his own wrong" (sec. 3517, Civ. Code), and other kindred principles, immediately recur to the mind. The above is but a recast of the doctrine abundantly supported by authority and applied in cases involving this very act done under similar circumstances. See *Pollak* v. *Staunton,* 210 Cal. 656 [293 Pac. 26], *Mitchell* v. *Grass Valley Gold Mines Co.,* 206 Cal. 609 [275 Pac. 418], *Tatterson* v. *Kehrlein,* 88 Cal. App. 34 [263 Pac. 285], *Castle* v. *Acme Ice Cream Co.,* 101 Cal. App. 94 [281 Pac. 396], and *Hemmeon* v. *Amalgamated etc. Co.,* 95 Cal. App. 400 [273 Pac. 74].

The question as to whether a note and mortgage, issued for sale under the circumstances set forth here, is a security within the meaning of the Corporate Securities Act, requiring a permit for its sale to the public, is argued by appellant and by certain *amici curiae* in their brief. But under our view of the case the question does not properly arise; it is, however, involved in another case before us, upon the determination of which it will receive our attention. The only purpose the question serves here is to prevent the assessment of damages for what would otherwise be clearly a frivolous appeal.

The judgment is affirmed.

Curtis, J., Shenk, J., Waste, C. J., and Seawell, J., concurred.