[Civ. No. 988. Fourth Appellate District.—October 15, 1932.]

BELLE McCORD ROBERTS, Appellant, v. H. O. HENDERSON et al., Respondents.

W. A. Alderson for Appellant.

W. I. Gilbert and Kenneth Keeper for Respondents.

MARKS, J.—Respondents H. O. Henderson and Louisa P. Henderson held a mortgage on property in the city of Long Beach, which they were compelled to foreclose and which they bid in at the foreclosure sale for $35,000. R. E. Allen was the commissioner who made the sale. Before the redemption period expired on December 28, 1928, appellant acquired assignments of the redemptioners' right to redeem and received quitclaim deeds to the property. The property was rented for a substantial sum and on December 8, 1928, appellant served on Mr. and Mrs. Henderson a notice that she had acquired the right to redeem the property and desired to do so. She demanded of them a verified statement of the amount necessary to redeem with a statement of the credits and debits to be made on the $35,000, consisting of rents received and taxes and other proper expenditures made by them. Such a statement is authorized by section 707 of the Code of Civil Procedure. The trial court found that no such verified statement was furnished appellant and that she was at all times since December 8, 1928, ready, willing and able to redeem the property from the foreclosure sale. On December 29, 1928, appellant served a notice on R. E. Allen informing him that she had acquired the right to redeem the property; that she had served the notice on Mr. and Mrs. Henderson; that they had refused to furnish her a verified statement of the amount necessary to redeem, and demanded of him that he refuse to execute the commissioner's deed to Mr. and Mrs. Henderson. The deed was delivered the same day and this action was then commenced to cancel the deed and compel a redemption of the property.

The trial court found all facts in favor of appellant and gave judgment canceling the deed and fixing the sum of $63,826.10 as the amount necessary to redeem the property. This sum included $25,000 paid by Mr. and Mrs. Henderson to release the property from the lien of a prior mortgage, interest on $35,000 at twelve per cent per annum for the full year of the redemption, and at the rate of seven per cent per annum thereafter up to April 1, 1930, and at the same rate on $63,826.10 after judgment until paid. Appellant complains solely of the allowance of interest on the $35,000 after the expiration of the redemption period. The case comes before us on the judgment-roll alone.

Section 707 of the Code of Civil Procedure provides in part as follows: " . . . when any rents or profits have been received by the judgment creditor or purchaser, or his or their assigns, from the property thus sold preceding such redemption, the amounts of such rents and profits shall be a credit upon the redemption-money to be paid; and if the redemptioner or judgment debtor, before the expiration of the time allowed for such redemption, demands in writing of such purchaser or creditor, or his assigns, a written and verified statement of the amounts of such rents and profits thus received, the period for redemption is extended five days after such sworn statement is given by such purchaser or his assigns, to such redemptioner or debtor. If such purchaser or his assigns shall, for a period of one month from and after such demand, fail or refuse to give such statement, such redemptioner or debtor may bring an action in any court of competent jurisdiction, to compel an accounting and disclosure of such rents and profits, and until fifteen days from and after the final determination of such action, the right of redemption is extended to such redemptioner or debtor."

█ It is the contention of appellant that since the trial court found "that at all said times she was ready, willing and able to redeem said property as said successor in interest; that in order for her to do it it was necessary that she be informed as to the amount of the rents and profits received during said year by said purchasers from said property; that if she had been informed of the amount of said rents and profits she could and would have paid to the defendants H. O. Henderson and Louisa P. Henderson, said purchasers, the full amount which they were entitled to receive in the exercise of said right of redemption", she was prevented from making the redemption and paying Mr. and Mrs. Henderson the money necessary to redeem. As a conclusion from this she contends that she should not be charged any interest on $35,000 after December 28, 1928, as this would be permitting Mr. and Mrs. Henderson to profit by their own wrong in failing to furnish her the verified statement of the amount necessary for the redemption.

The question thus presented seems to be of first impression in California. Appellant cites *dicta* in the cases of *Benson*

v. *Bunting,* 141 Cal. 462 [75 Pac. 59], and *Webb* v. *Vercoe,* 201 Cal. 754 [258 Pac. 1099, 54 A. L. R. 1200], in support of her position. These actions were not statutory actions to redeem under the provisions of section 707 of the Code of Civil Procedure, but were actions under the general equity powers of the court and were commenced after the time for redemption had expired. (*Benson* v. *Bunting,* 127 Cal. 532 [59 Pac. 991, 78 Am. St. Rep. 81]; *Bunting* v. *Haskell,* 152 Cal. 426 [93 Pac. 110].)

Section 1504 of the Civil Code provides that an offer of payment duly made stops the running of interest. Section 1496 of the same code provides: ''The thing to be delivered, if any, need not in any case be actually produced, upon an offer of performance, unless the offer is accepted.'' Section 2074 of the Code of Civil Procedure provides: ''An offer in writing to pay a particular sum of money . . . is, if not accepted, equivalent to the actual production and tender of the money.'' While it is true that the record discloses no direct offer to pay the amount necessary to redeem the property, such an offer could not be made by appellant as the amount which she would be required to pay was unknown by her but was known by Mr. and Mrs. Henderson. The demand which she served on them was to obtain knowledge of this amount and the trial court held that if she had obtained this knowledge she would have paid them ''the full amount they were entitled to receive''. It then follows that the real reason the money for a redemption was not paid or at least actually tendered was because of the failure of Mr. and Mrs. Henderson to make the verified statement required of them by section 707 of the Code of Civil Procedure.

It is a familiar rule of equity that ''no one can take advantage of his own wrong'' (sec. 3517, Civ. Code). This section has been variously applied by our courts. (*Southern Pac. Co.* v. *Grangers' Business Assn.,* 115 Cal. App. 256 [1 Pac. (2d) 477]; *Eberhard* v. *Pacific S. W. Loan & Mtg. Co.,* 215 Cal. 226 [9 Pac. (2d) 302]; *Mathews* v. *Wilson,* 38 Cal. App. 148 [175 Pac. 647]; *England* v. *Winslow,* 196 Cal. 260 [237 Pac. 542]; *Brazil* v. *Silva,* 181 Cal. 490 [185 Pac. 174].) We have concluded that this section supports the contention of appellant that to permit Mr. and Mrs. Henderson to collect any interest on the

$35,000 after the expiration of the original redemption period on December 28, 1928, would be permitting them to take advantage of their own wrong and cannot be supported. Appellant makes no point on the interest allowed on the balance of the $63,826.10 and this question has not been considered by us.

The judgment is reversed, with directions to the trial court to deduct from the sum of $63,826.10 found necessary to redeem the property, the portion representing interest on $35,000 after December 28, 1928, and to enter judgment as before, permitting the appellant to redeem the property within the statutory period for the sum thus found as necessary to effect the redemption.

Barnard, P. J., and Jennings, J., concurred.