METROPOLITAN LIFE INS. CO. v. HALCOMB.[*]

No. 7562.

Circuit Court of Appeals, Ninth Circuit.

Nov. 4, 1935.

Devlin & Devlin & Diepenbrock and Horace B. Wulff, all of Sacramento, Cal., for appellant.

L. C. Smith, of Redding, Cal., and Huston, Huston & Huston, of Woodland, Cal., for appellee.

Before WILBUR, GARRECHT, and DENMAN, Circuit Judges.

DENMAN, Circuit Judge.

This is an appeal from a judgment based on findings of an agreed special verdict of the jury and the court and its legal conclusions therefrom. Appellant insured the respondent administrator's deceased intestate, George R. Halcomb, herein called the insured, against accidental death under a double indemnity provision making the company liable in the event "that death shall not have resulted from bodily injuries sustained while participating in aviation or aeronautics except as a fare paying passenger."

The insured was killed in an airplane accident on a search for a missing brother in Northern California. The flight was confined to California and was not intend-

*Rehearing denied Dec. 20, 1935.

ed to extend beyond its borders. Hence the California law governs the validity of any contract between passenger and pilot, including the effect upon such contract of the proper or improper licensing of its pilot and of the status of insured as a passenger as affected by a pilot's license. The insured requested the service of one Ollie Rose to pilot him in Rose's plane in the search for the lost man. Rose had a federal license prohibiting him from carrying passengers for hire, in the following language: "This certifies that the pilot whose photograph and signature appear hereon is a private pilot of 'Air Craft of the United States.' The holder may pilot all types of licensed air craft, but may not for hire, transport persons or property nor give piloting instructions to students." By the provisions of the Air Commerce Act, § 11 (a) (4) (49 USCA § 181 (a) (4), it is made unlawful to serve as an airman in violation of the provisions of any such certificate.

The California law makes it a misdemeanor for a pilot to do any act in violation of his federal license (Cal. Stats. 1929, p. 1875):

"Sec. 5. It shall be lawful for any person to operate or participate in the operation of any aircraft within the State of California or to act as an airman in connection therewith if such person is licensed and registered under the laws of the United States or any regulation made pursuant thereto, but it shall be unlawful for any person to act as an airman in any capacity, except that for which he is licensed under the laws of the United States or any regulations adopted pursuant thereto. * * *

"Sec. 8. Any person, firm, association or corporation violating any of the provisions of this act, which violation is not herein declared to be a felony, shall be guilty of a misdemeanor, and upon conviction thereof shall be fined not more than one thousand dollars, or imprisoned for not more than six months, or be subject to both such fine and imprisonment."

The insured paid no fare and there was no evidence of any obligation to pay it other than the request for and acceptance of the service. The jury found from this evidence that there was an implied contract with the pilot for the payment of the fare, which finding was adopted by the court and made the basis of its decision.

Appellee contends that the trial court correctly held that such an implied contract to pay the fare constitutes insured a fare paying passenger within the policy exception.

Appellant urges that under the California law, even if there had been an express contract it would have been void ab initio, and that since insured neither paid his fare nor could be bound by an agreement to pay it, he was not a fare paying passenger at the time of the crash.

The California Supreme Court has determined in a series of decisions that no contract can be created by an attempted agreement for the services of a person required to be licensed under California laws for the protection of the person to be served, nor implied from a request for an acceptance of such unlicensed services. There is no distinction between services malum in se and malum prohibitum where an express statute is involved. Such contracts are not voidable but entirely void.

In Gardner v. Tatum, 81 Cal. 370, 374, 22 P. 880, 882, a physician was denied recovery in quantum meruit for the reasonable value of medical services provided to the defendant because the physician rendered such services without a required certificate from the state. In that case Justice Paterson said: "the law will not imply a promise to pay for services which have been illegally rendered."

In the two later cases of Levinson v. Boas, 150 Cal. 185, 193, 88 P. 825, 12 L. R. A. (N. S.) 575, 11 Ann. Cas. 661, and Wood v. Krepps, 168 Cal. 382, 387, 143 P. 691, 692, it is definitely held that a contract made in violation of a statutory provision requiring a license or certificate as a prerequisite to engaging in the business of which the contract was an incident is void in all cases where the statute in question was designed "to prevent improper persons from engaging in that particular business, or is for the purpose of regulating it for the protection of the public."

It could not be contended that the air commerce regulations and the California statutes adopting them are not of the class of protective laws just described.

Were the validity of an agreement between pilot and passenger to be determined by the federal law, the result would not vary from that necessitated by the California cases. It has been declared by the United States Supreme Court that a prom-

ise made upon a consideration which is rendered in violation of a statute is void. Harris v. Runnels, 12 How. 79, 82, 83, 13 L. Ed. 901.

It is unnecessary to consider the cases holding that a person, who cannot recover upon a void contract, if not in pari delicto may have other relief. Hemmeon v. Amalgamated Copper Mines Co., 95 Cal. App. 400, 402, 273 P. 74; Becker v. Stineman, 115 Cal. App. 740, 745, 2 P.(2d) 444. If the innocent party has paid money or other consideration to the defendant, he is allowed to recover it on the theory of unjust enrichment. It is arguable that if a fare in fact had been paid these cases would support a recovery thereof—but not on a contract to carry deceased as a fare paying passenger. No doubt, had the pilot survived and had deceased's administrator shown negligence, an action in tort would lie. But here the sole question is whether there was any "fare paying" obligation existing at any time in the deceased. That Halcomb was not in pari delicto certainly creates no obligation in him to pay a fare.

Reversed.