[Civ. No. 10939. Second Appellate District, Division Two.—June 3, 1936.]

EDWIN M. WACHNER et al., Plaintiffs and Respondents, v. FRIEND W. RICHARDSON, as Building and Loan Commissioner, etc., Defendant and Appellant; TITLE GUARANTEE AND TRUST COMPANY (a Corporation) et al., Defendants and Respondents.

E. S. Williams for Appellant.

O'Melveny, Tuller & Myers, Walter K. Tuller, Pierce Works, Marshall Taylor, William Crandall and E. M. Wachner for Respondents.

WOOD, J.—In the year 1929 the American Mortgage Company, which will hereinafter be referred to as the Mortgage Company, was a going concern with many financial transactions and at the same time the American Loan Society, which will hereinafter be referred to as the Loan Society, was a building and loan association. At the time of the inception of this litigation both were insolvent, the assets of the Mortgage Company being under the control of a receiver and the assets of the Loan Society being under the control of the Building and Loan Commissioner of California. The corporations were managed by the same directors with Frank Fish president and general manager and Giles Major title officer of both institutions. Most of the stock of the Loan Society was owned by the Mortgage Company and the balance was owned by officers and directors of the Mortgage Company.

The Mortgage Company became the owner through foreclosure proceedings of the Hacienda Park Apartments. The Mortgage Company had loaned to one Gollos the sum of $200,000 on this property and Gollos had defaulted in his payments. In July, 1929, the Loan Society loaned to the Mortgage Company the sum of $125,000 and received a trust deed upon the property as security. The grantor in this trust deed was Palmer Morris, an employee of the Mortgage Company. At the time of the execution of this trust deed Morris also executed a second trust deed upon the same property in the sum of $75,000 in which the beneficiary was the Mortgage Company. It was stipulated that the Mortgage Company was the real party in interest, the real owner of the property and the real maker of the different instruments which were executed concerning the property and that the grantor Morris, and the grantors, Withers, hereinafter referred to, were employees of the Mortgage Company, were acting for the Mortgage Company and had no personal interest in the transactions.

The title officer, Giles Major, acting on instructions from the president, Frank Fish, on November 1, 1929, prepared various instruments for the purpose of issuing a series of notes to be sold to the public, the notes to be secured by a trust deed upon the Hacienda Park Apartments in the names of James H. Withers and his wife. The instruments prepared by Major were: A deed from Morris to Withers and

wife, a deed from James H. Withers and Dorothy F. Withers as grantors to the American Mortgage Company, as grantee; a deed of trust in which James H. Withers and Dorothy F. Withers appeared as trustors, the Title Guarantee & Trust Company appeared as trustee, and the American Mortgage Company appeared as beneficiary, purporting to secure an issue of notes of the aggregate principal sum of $200,000 made in the names of James H. Withers and Dorothy F. Withers to the American Mortgage Company as payee; a request for the reconveyance of the $125,000 trust deeds of July, 1929. Morris and Mr. and Mrs. Withers signed the deed in which they were named as grantors or trustors and these instruments were notarized by Major on November 2, 1929. The deed from Morris to Withers was retained in the office of the Mortgage Company until it was recorded on January 29, 1930. The Withers trust deed was held in the office of the Mortgage Company until November 5th or 6th when it was sent to the office of Title Guaranty & Trust Company. The request for the reconveyance of the $125,000 trust deed of July, 1929, was signed later. The officers of the Title Guarantee & Trust Company, trustee in the Withers trust deed, having possession of the indenture of trust, signed the instrument and acknowledged their signatures before a notary on November 6, 1929. That part of the instrument by which the trustee accepted the trust provided that the trustee "hereby accepts the trust in this indenture declared and provided and agrees to perform the terms and conditions" set forth. The indenture of trust also provided that the trustee should not be responsible for its recordation and that the trustors "will cause the same to be duly and properly filed for record". After the indenture of trust was signed by the officers of the Title Guarantee & Trust Company it was returned to the Mortgage Company and retained by the Mortgage Company until it was recorded on January 29, 1930. On December 3, 1929, the Mortgage Company applied to the commissioner of corporations for a permit to issue notes upon the strength of the Withers trust deed and stated that the proceeds of the issue were to be used "only in the repayment of present encumbrances against the above described property". The permit was granted. Plaintiffs are the holders of notes issued upon the security of the Withers trust deed. The court found that plaintiffs were "*bona fide* purchasers thereof

in good faith and for valuable consideration, prior to maturity, and without notice of any defect in said indenture of trust or the notes secured thereby''.

Between November 6 and November 16, 1929, a transaction was arranged between the Mortgage Company and the Loan Society whereby a new trust deed was executed in the name of Palmer Morris as trustor, he still being the record owner of the property. Title Guarantee & Trust Company was made the trustee and the Loan Society the beneficiary. The trust deed was issued upon the Hacienda Park Apartments in the sum of $200,000, was dated November 16, 1929, and was recorded by the Title Guarantee & Trust Company on November 18, 1929. Between November 16 and November 19, 1929, the request for reconveyance under the July trust deed for the sum of $125,000 was made by the Loan Society and the trustee's reconveyance pursuant to this request was made on November 18, 1929, and recorded the following day. At the same time there was recorded a reconveyance under the $75,000 deed of trust made in July, 1929, in the name of Morris to the Mortgage Company. These two reconveyances were necessary to have the new deed of trust to the Loan Society appear as a first encumbrance, in accordance with the legal requirement for a loan by the Loan Society. The trial court found: ''That the $200,000.00 loan of November 16, 1929, constituted a new loan and that it was not a renewal or merger of the $125,000.00 loan of July 16, 1929, or of the debt evidenced thereby.'' The contest before the court is between the Building and Loan Commissioner, who claims priority for the trust deed in favor of the Loan Society dated November 16, 1929, and the plaintiff note holders, who claim priority under the Withers trust deed dated November 2, 1929.

In holding that plaintiffs' lien was prior to that of the Loan Society the trial court found that the Withers deed was delivered to the trustee therein named concurrently with the execution of the deed from Morris to Withers. The court further found that: ''At a time not later than November 6, 1929, said Indenture of Trust was presented to the Title Guarantee and Trust Company, as trustee, as aforesaid, for its acceptance and approval, and that thereupon and on November 6, 1929, said trustee approved and accepted said Indenture of Trust and the duties imposed by the terms

428

thereof.'' ▆▆ These findings are attacked by appellant. The trust deed was placed in the possession of the trustee, to whom it was sent "for their acceptance of the trust". The covenants of the trust deed were unconditional and when at a later time the trustor called upon the trustee to discharge its duties the trustee did in fact discharge the duties of the trust. A reasonable inference may be drawn from the evidence that the Mortgage Company forwarded the trust deed to the trustee for the purpose of making delivery and to induce its acceptance by the trustee, an inference more readily drawn when we consider that the evidence disclosed that numerous similar transactions had been carried out by and between the Mortgage Company and the same trust company. It having been found that the trust deed was in the possession of the trustee, plaintiffs may invoke the rule that possession of a deed by the grantee named therein is *prima facie* evidence of its delivery. (*Ward* v. *Dougherty*, 75 Cal. 240 [17 Pac. 193, 7 Am. St. Rep. 151].) It is provided in section 1055 of the Civil Code: "A grant duly executed is presumed to have been delivered at its date.'' Presumptions are evidence and may be the basis for findings of fact. (Code Civ. Proc., sec. 1957; *Stafford* v. *Martinoni*, 192 Cal. 724 [221 Pac. 919].) ▆▆ The fact that the deed was returned to the grantor does not negative the previous delivery or operate as a surrender of title which had been acquired. (*Good* v. *Williams*, 81 Kan. 388 [105 Pac. 433, 135 Am. St. Rep. 392].) Provision was made in the instrument that it should be recorded by the grantor. It was the duty of the trial court to determine, as a question of fact, the intention of the parties in the matter of the delivery of the trust deed. (*Follmer* v. *Rohrer*, 158 Cal. 755 [112 Pac. 544].) This question has been determined by the court in the plaintiffs' favor upon substantial evidence and the finding is binding upon us now.

▆▆ The officers of the Loan Society, upon receiving the trust deed of November 16, 1929, were not in the position of innocent third parties relying upon the record title, for they were fully informed concerning all the transactions surrounding the execution of the Withers trust deed. They may not now successfully assert priority for the Loan Society's trust deed.

 Appellant offered to prove at the trial that the Withers notes were actually printed after the date of the recordation of the Loan Society's trust deed, but the offer was rejected by the court. It is now argued that no debt was incurred until the notes were actually sold and that the rejected proof would have established that the lien of the Loan Society's trust deed should be given priority because of the issuance of the notes after the execution of this trust deed. The ruling of the court was not erroneous. The rules covering transactions between two individual lien claimants are given strict application. (*Western Loan & Bldg. Co.* v. *Scheib*, 218 Cal. 386 [23 Pac. (2d) 745].) But in the matter of the issuance of securities for sale to the public the rules have been given a broader application. The authorities are reviewed in *Lanz* v. *First Mortgage Co.*, 121 Cal. App. 587 [9 Pac. (2d) 316, 322], where it is stated: ''The authorities cited establish the proposition that the trust deed or mortgage securing a future bond issue attaches for the full amount as of the date thereof and each subsequent bond relates back automatically and completely to the instrument creating the indebtedness.'' The lien of plaintiffs' notes took effect as of the date of the Withers trust deed.

 The permit issued by the corporation commissioner was offered in evidence by appellant and the objection to its admission was sustained. Appellant was not prejudiced by this ruling. It was sought to show that by the terms of the permit the notes were to be sold for cash only and that some of them were in fact not sold for cash. In this no blame can be placed upon the note holders since the court held that they purchased the notes without notice of any defect. The purchasers of the notes were not *in pari delicto* with the issuer of the notes. The terms of the permit imposed by the corporation commissioner upon the issuer for the protection of the public were violated by the issuer. (*Kehrlein* v. *Builders Mortgage Co.*, 131 Cal. App. 714 [22 Pac. (2d) 242]; *Security First National Bank* v. *Ruddle Properties, Inc.*, 218 Cal. 435 [23 Pac. (2d) 1016]; *Eberhard* v. *Pacific Southwest Loan & Mortgage Corp.*, 215 Cal. 226 [9 Pac. (2d) 302].) Moreover, the Loan Society, being in the position of a third party having no direct interest as between the issuer and the buyers, is not in a position to raise the question of compliance with the terms of the permit.

The fact that appellant was liquidating receiver of the Loan Society does not give him additional rights in the present situation. As a general rule the receiver takes the assets of a corporation subject to all equities and is in no better position than the corporation itself, subject, however, to certain exceptions such as cases in which fraudulent dealings were conducted directly between third parties and the insolvent corporation. (*Verder* v. *American Loan Society*, 1 Cal. (2d) 17 [32 Pac. (2d) 1081].) The present case does not come within any of the exceptions.

Notwithstanding the trial court found that the $200,000 loan for which the trust deed of November 16th was executed was in fact a new loan and was not a renewal or merger of the previous $125,000 loan, appellant presents the contention that the court should revive the old lien and allow priority to the Loan Society in the amount of $125,000. It is not necessary to discuss the question whether or not the evidence sustains the court's findings. The officers of the Loan Society had notice and knowledge of all of the facts surrounding the transactions involved. They knew of the execution of the Withers trust deed and of the pending note issue. They did not act because of any mistake of fact. After the reconveyance was brought about by the Loan Society the rights of innocent third parties intervened. Under these circumstances equity will not order the reinstatement of a lien which has been voluntarily surrendered. (Jones on Mortgages, sec. 38; *Atkinson* v. *Plum*, 50 W. Va. 104 [40 S. E. 587, 58 L. R. A. 788].)

An appeal has been taken from the order taxing costs. Complaint is made that the Loan Society should not be compelled to pay all the costs but that they should be apportioned between the parties. The issue was well defined between plaintiffs on the one side and the Loan Society on the other. A number of defendants were brought in as necessary and proper parties to completely determine all issues involved and to enable the court to render a final and binding judgment. Under section 1032 (c) of the Code of Civil Procedure, the trial court is given discretion in the matter of apportioning costs in such cases. We find no abuse of discretion.

The judgment and order appealed from are affirmed.

McComb, J., *pro tem.*, and Crail, P. J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 31, 1936.