248

## PACIFIC HOTEL APARTMENT CO. v. ARCADY–WILSHIRE CO. et al.

### No. 8315.

Circuit Court of Appeals, Ninth Circuit.

March 29, 1937.

A. P. G. Steffes, of Los Angeles, Cal., for appellant.

H. W. O'Melveny, Walter K. Tuller, Louis W. Myers, and Homer I. Mitchell, all of Los Angeles, Cal., for appellees except Battson.

Alfred E. Cate, of Los Angeles, Cal., for appellee Battson.

Before WILBUR and GARRECHT, Circuit Judges, and NETERER, District Judge.

WILBUR, Circuit Judge.

Appellant claiming to own certain real estate and personal property brought an action to quiet title to the real estate and personal property. It also brought an action for money had and received against the same defendants. By stipulation, the

actions in equity and at law were consolidated for trial and tried without a jury. The court made separate findings in the two actions .and entered a decree in the equitable action holding that plaintiff had no title to either the personal or real property and that title thereto was vested in the Arcady-Wilshire Company, a corporation, subject to the bonded indebtedness secured by a trust deed executed by the Arcady-Wilshire Company to Leigh M. Battson, trustee, and Title Insurance & Trust Company, co-trustee. In the action for money had and received the findings and judgment were in favor of the defendants. Appeal was taken from the decree in the equitable action and another appeal from the judgment in the legal action. These appeals are presented on a single transcript and a single set of briefs.

In the legal action the finding that the defendants had received no money belonging to the plaintiff was sufficient to sustain judgment in favor of the defendants. The eleven assignments of error in the legal action raise no question for consideration on appeal.

The questions sought to be presented in the equitable action concern the effect of a trust deed and chattel mortgage dated November 1, 1926, made by the Arcady Apartment Hotel Company to Wm. K. Bowes, as trustee, and his successors, securing $1,325,000, 6½ per cent. first mortgage gold bonds, recorded January 5, 1927; and proceedings had thereunder for the foreclosure by sale under the terms of the trust deed and mortgage held November 14, 1934; and the validity of the trustee's deed executed by Leigh M. Battson, as trustee, to the appellee Arcady-Wilshire Company November 16, 1934. On the same date that the trustee's deed under the trust indenture was executed and recorded (November 16, 1934), a trust indenture executed by the purchaser at the trustee's sale (Arcady-Wilshire Company) was recorded. This trust indenture conveyed the property purchased by the Arcady-Wilshire Company to Leigh M. Battson, as trustee, and Title Insurance & Trust Company, as cotrustee, and secured a mortgage indebtedness of $1,293,000. This deed was dated June 1, 1934. The appellant claims the property by virtue of a grant deed executed by the Arcady Apartment Hotel Company, recorded December 14, 1928. The appellant claims that the provision of the trust indenture executed by the Arcady Apartment Hotel Company, November 1, 1926, which provides that the successor trustee should be the senior officer of S. W. Straus & Co. [1] is void. It is further claimed that this provision being void, officers of S. W. Straus & Co. were disqualified to act as trustee and the Title Insurance & Trust Company became the trustee under the trust indenture. Appellant's contention that the provision of the indenture providing that officers of S. W. Straus & Co. should act as trustee (article 12, note 1, supra) is invalid is based upon a claim that the purpose of the provision was to enable S. W. Straus & Co., a California corporation, to conduct a trust business in violation of the Bank Act of

---

[1] "Article XII

"Successors in Trust

"Section 1. Said William K. Bowes resides in California and is a Vice-president of S. W. Straus & Co., a California corporation, and is named as trustee herein in pursuance of an intent that the trustee shall be an officer, resident in California, of said corporation. In the event that said William K. Bowes shall cease to be an officer of said corporation, or shall cease to reside in California, or in the event of the absence, sickness, death, resignation, refusal or disqualification of said William K. Bowes, or if said William K. Bowes shall be or become otherwise unable to act, when and while his services shall be required under any provision hereof, the then senior officer, resident in California, of said S. W. Straus & Co., a California corporation, shall be and he is hereby appointed his successor in the trust hereby created. In like manner, from time to time, any such successor in trust respectively shall upon the contingencies hereinabove recited, be succeeded by the then senior officer, resident in California, of said S. W. Straus & Co., a California corporation. In the event that, upon the happening of the contingencies of disqualification aforesaid, there shall be no officer, resident of California, of said S. W. Straus & Co., a California corporation, Title Insurance and Trust Company, a California corporation, of Los Angeles, California, shall be and it is hereby appointed successor in the trust hereby created. For the purposes of this Indenture the order of seniority of officers of said S. W. Straus & Co., a California corporation, shall be deemed to be President, Vice-President (in order of their seniority, if there be more than one Vice-President), Secretary and Treasurer."

250

California,[2] which regulates and defines the business of trust companies and prohibits an individual from engaging in such business and requires a corporation to secure a permit therefor from the Superintendent of Banks before engaging in such business.

Appellee interposed several defenses, among them the claim that appellant was estopped by judgment and by estoppel in pais to attack the trust deed of November 1, 1926.

As to the defense of estoppel by judgment, it appears that by appropriate conveyances the title which had rested in W. K. Bowes, as trustee, in the trust indenture given November 1, 1926, had been conveyed to and rested in Leigh M. Battson. While the title was in Leigh M. Battson, the appellant brought an action against him, individually and as trustee for the Arcady Apartment Hotel Company, joining with itself, as plaintiff, the Arcady Apartment Hotel Company, and joining as defendant Walter K. Durst, trustee in bankruptcy of the Arcady Apartment Hotel Company. This action was characterized by the pleader as "bill of complaint to declare an involuntary trust; for possession of real estate and personal property; for accounting and for injunction, etc." It was alleged in that action that Leigh M. Battson "is the present acting trustee for plaintiff, The Arcady Apartment Hotel Company, under those certain trust deed and chattel mortgage and supplemental indenture hereinafter referred to" (being the trust deed and mortgage executed November 1, 1926, above referred to). It was alleged that the trust deed and chattel mortgage and its indenture and obligations thereby secured were payable in gold coin and had become "unlawful and unenforceable and illegal and prohibited under penalty, and because thereof no action nor rights can be maintained or enforced thereon." It was claimed that the trustee, Leigh M. Battson, had taken possession of the real and personal property in pursuance of the terms of the trust indenture and that he held the property as an involuntary trustee. It was alleged that the defendant trustee "has caused to be advertised a notice of sale pursuant to power of sale in said trust instruments, to be held

November 1, 1934," and that unless restrained will hold the sale and execute a deed to the purchaser; that the deed so executed will be a cloud upon plaintiff's title. It was alleged that the plaintiff, Arcady Apartment Hotel Company, is the owner of the personal property above referred to subject "to bankruptcy proceedings." It was alleged that a receiver should be appointed, and "that the plaintiffs are the sole owners of said property under its grant deeds and bills of sale, free and clear of said liens and encumbrances; but that the defendants claim that the said trustee had the power to sell said properties under the power of sale in said trust instruments contained and that there was and still is a valid lien on said properties under said trust instruments and that the said trustee has the power to sell said property as security for said gold bond payments pursant to said trust instruments and power of sale therein and that it is entitled to the possession and rents, income and profits thereof." Federal jurisdiction was predicated upon the fact that the dispute involved an interpretation of article 1, section 8, clauses 5 and 18, and article 6, clause 1, of the Federal Constitution and acts of Congress in pursuance thereof. Act of Congress, Public Resolution No. 10, 73d Congress, 31 U.S.C.A. § 463, and the Gold Reserve Act of 1934, 48 Stat. 337.

The plaintiffs in that action prayed for a decree that "the plaintiffs are the owners, jointly and/or individually, of all the real estate and personal property described in said trust deed, and chattel mortgage and supplemental trust indenture." The plaintiff also prayed that the court decree that Leigh M. Battson "as trustee for and on behalf of said trustor, the Arcady Apartment Hotel Company, under the provisions of said trust instruments, either as attorney in fact, or agent, or as Trustee in his own name, accepted possession of the properties," and that he operated it as a hotel and that he converted the property "to his own use as trustee under said trust instruments" for the "benefit of the beneficiaries in place of as trustee for the plaintiffs trustor therein." The complaint prayed for a declaration that the property was held in trust for it, and for an ac-

[2] The Bank Act of California was enacted March 1, 1909 (Cal.Stats.1909, p. 87). The act was amended from time to time. The last amendment prior to the execution of the trust indenture here involved was in 1925 (Cal.Stats.1925, p. 510); Deering's General Laws of California 1931, vol. 1, Act No. 652, p. 215 et seq.

counting by the trustee and his predecessors and that the trustee be directed to surrender possession of the property to the plaintiff. The defendant Leigh M. Battson in that action, individually and as trustee, for the plaintiff trustor the Arcady Apartment Hotel Company, moved the court to dismiss the action, upon the ground that the bill of complaint did not state facts sufficient to constitute a cause of action against him either individually or as trustee, and that plaintiff's bill of complaint failed to show equity. The motion was granted "without leave to amend, except that plaintiffs may, within ten days after notice of entry of this order, amend their complaint to allege that, prior to the filing of the above entitled action, they tendered to defendant Leigh M. Battson, individually or as trustee for plaintiff trustor, The Arcady Apartment Hotel Company, lawful money of the United States in the total amount in which The Arcady Apartment Hotel Company was in default under the terms of the trust deed and chattel mortgage." No application to amend was made.

In answering the question as to whether or not this decree estops plaintiff from maintaining its present action, it should be observed that the plaintiffs therein sought a judgment declaring the trust deed and mortgage of November 1, 1926, void and adjudicating it entitled to the immediate possession of the real and personal property covered by this instrument because of the alleged invalidity thereof. In the present action it has reasserted its right to the possession of the real and personal property and alleges its ownership thereof. It is true that in the first action attacking the validity of the trust deed and chattel mortgage the plaintiff founded its attack upon the alleged invalidity of the contract to pay the trust and mortgage indebtedness in gold, and that in the present action it is disavowing its claim to the unencumbered title to the land and is conceding in derogation of its claim in the complaint that the trust indenture and chattel mortgage are valid in so far as they fix the liability of the property to pay the indebtedness therein secured. It focuses its contention now upon the validity of the provision of the trust deed and chattel mortgage appointing Battson and his predecessors as trustees. It is clear that the matter now sought to be presented in this action might have been presented in the first action. This is particularly notable in view of the fact that appellant in the first action sought to stop the impending sale by the trustee. If his appointment under the trust deed was absolutely void for any reason so that the sale was thereby rendered invalid and the deed thereunder void, the question was ripe for determination in the prior action. Under these circumstances, it is clear that the trial court was correct in its ruling that the judgment in the first action estopped the plaintiff from maintaining its present action and that the judgment therein is res judicata. Northern Pacific Railway Co. v. Slaght, 205 U.S. 122, 27 S.Ct. 442, 51 L.Ed. 738.

Although this conclusion requires affirmance of the decree, we will briefly state our conclusions with reference to some of the other questions involved. First, as to estoppel in pais: Battson is the trustee personally responsible and charged with personal attention and supervision, presumably discharging his duties as trustee; and as such had a right to arrange to utilize the clerical force and trust machinery of S. W. Straus & Co. for a consideration arranged therefor. If S. W. Straus & Co. is violating the State Bank Act, it is a matter for the State (In re Estate of Shaw, 198 Cal. 352, 246 P. 48) and not for the plaintiff by its assertion in this case to attempt to void a trust agreement made by its predecessor who is estopped from asserting its invalidity as against the bondholders who provided the funds for the erection of the apartment house upon the real estate in ignorance of the alleged conspiracy between the parties to violate the California State Banking Act. Farmers' Loan & Trust Co. v. Chicago & Northern Pacific Railroad Company (C.C.Ill.) 68 F. 412; Eberhard v. Pacific Southwest Loan & Mortgage Corporation, 215 Cal. 226, 9 P.(2d) 302; Braunstein v. Title Guarantee & Trust Co., 216 Cal. 780, 17 P.(2d) 104; Kehrlein v. Builders' Mortgage Co., 131 Cal.App. 714, 22 P.(2d) 242; Security-First National Bank v. J. G. Ruddle Properties, 218 Cal. 435, 440, 23 P.(2d) 1016.

Assuming, as counsel contends, that the sale is void because the trustee was not authorized to act, the appellant cannot take advantage of this invalidity in a court of equity without offering to do equity. See Humboldt Sav. Bank v. McCleverty, 161 Cal. 285, 119 P. 82, and cases cited. This it has not done. Whether equity would require a payment of more than that por-

tion of the indebtedness which had become due prior to the declaration of the trustee advancing the maturity of all bonds need not be determined, although it should be said now that plaintiff had ample notice of the impending sale and made no effort to pay the amount due, but repudiated the indebtedness and sought to prevent the sale.

■ There is only one other point which requires notice, and it relates to the question whether or not the appellant succeeded to the interest of the trustor in the deed and chattel mortgage under attack by reason of the conveyance to it made in 1928. This deed was executed by the Arcady Apartment Hotel Company to the appellant Pacific Hotel Apartment Company in consideration of the surrender to the Arcady Apartment Hotel Company of all but five of its shares of stock. The appellees contend that the Arcady Apartment Hotel Company could not purchase its own stock by a sale of all of its real estate without being authorized so to do by the State Corporation Commissioner. Such a transaction was denounced as invalid by section 309 of the Civil Code of California, as amended by St.Cal.1917, p. 657, at the time this transaction took place. We see no escape from this proposition and appellant has suggested none except by the citation of Stewart v. Stewart Hotel Company, 33 Cal.App. 167, 164 P. 620, 626, which holds that there are circumstances wherein a corporation may acquire its stock when in satisfaction of a loan or "when otherwise necessary to save itself from loss." As this decision seems to be directly in the teeth of the prohibition of section 309 of the California Civil Code (since repealed) and is inapplicable to the present situation, it constitutes no authority for upholding the transaction by which the appellant claims to have secured title.

We conclude that the decree of the trial court in the equity action must be sustained because: First, the appellant is estopped by judgment from maintaining the action; second, appellant is estopped by the contract of its predecessor hypothecating its property from now claiming that the provisions of the contract are invalid; third, that the provision is not invalid; fourth, the appellant has not offered to do equity; fifth, appellant has not shown that it is entitled to attack the deed from the trustee because it has not acquired the rights of its alleged predecessor.

Returning to the consideration of the legal action: Not only is there no question raised by the assignments of error, but the same questions above discussed require the affirmance of the judgment. However, as to the effect of the judgment in the prior action the situation is somewhat different.

In the prior equity action, appellant Pacific Hotel Apartment Company and the Arcady Apartment Hotel Company were named as plaintiffs, and "Leigh M. Battson, individually and as trustee for Plaintiff Trustor the Arcady Apartment Hotel Company, and Walter M. Durst, as Trustee in Bankruptcy of Plaintiff Arcady Apartment Hotel Company, Bankrupt," were named as defendants.

In the equity case at bar the only defendants who appeared were Battson and Arcady-Wilshire Company. In the law case, the only defendants who appeared were Battson, Arcady-Wilshire Company, L. C. Reed, Realty Bond Reorganization Company, Pacific Realty Bond Company, and Pacific Realty Securities Company.

■ Appellant is bound by the decree in the prior action in favor of Battson, as they were adverse parties in the prior action, and in both legal and equitable actions in the cases at bar.

Appellant is bound by the decree in the prior action as against Arcady-Wilshire Company as that company claims its title through Battson.

No evidence was introduced herein as to the receipt of money by Pacific Realty Bond Company and Pacific Realty Securities Company, defendants in the legal action at bar.

The money collected and held by L. C. Reed, also a defendant in the legal action at bar, was collected and held as receiver subject to the orders of the superior court.

The funds received by the Realty Bond Reorganization Company, defendant in the legal action at bar, were received from Battson.

Decree and judgment affirmed.