[Civ. No. 19336.   Second Dist., Div. Three.   Mar. 26, 1953.]

ALVIE F. PERKINS et al., Appellants, v. MORRIS A. SOMMERS et al., Respondents.

Larwill & Wolfe and Herbert C. Meade for Appellants.

Fred Horowitz and Alvin F. Howard for Respondents.

SHINN, P. J.—This action was denominated by plaintiffs as one for declaratory relief. By the second amended complaint it was sought to have declared void a contract under which plaintiffs agreed to purchase from defendant, Morris A. Sommers, a residential lot improved with a single family dwelling in the city of Long Beach, but on the same facts plaintiffs prayed for a judgment requiring Sommers to accept payment of the unpaid balance of the purchase price and to convey title to the property. Defendant Morris A. Sommers, Sylvia W. Sommers, and Louis H. Boyar, demurred to the complaint. At the time of the hearing defendants made an oral motion for a judgment on the pleadings, plaintiffs waiving notice of the motion. The court sustained the demurrer and rendered a judgment on the pleadings declaring the written contract of purchase and sale to be valid. The judgment also declared that plaintiffs' action was barred by section 343 of the Code of Civil Procedure, and that Morris A. Sommers is estopped to deny the validity of the contract. Plaintiffs appeal.

We are of the opinon that the judgment was a proper declaration of plaintiffs' rights on the facts pleaded in the complaint. It was alleged that prior to the 5th day of May, 1945, plaintiffs orally agreed to purchase the property from Morris A. Sommers for $6,000, $200 down and $42.50 per month including interest, plus taxes, assessments, mortgage and fire insurance premiums, and that on or about that date the agreement was reduced to writing; plaintiffs have made all the payments as they fell due; on or about the 1st day of December, 1951, plaintiffs discovered that Sommers had subdivided certain unimproved real property of which the lot in question was a part, and that before selling lots in the subdivision he had failed to comply with the requirements of section 11010(e) of the Business and Professions Code, in that he had failed to notify the Real Estate Commissioner in writing of the terms and conditions on which it was intended to dispose of the lots and to file copies of the proposed contracts of sale; plaintiffs thereupon tendered the unpaid balance of the purchase price to Sommers, and demanded a deed; Sommers refused to accept the money or give a deed

for the reason that the written agreement contained no provision for prepayment of the monthly instalments.

We shall assume in plaintiffs' favor that the facts alleged were sufficient to show failure to meet the requirements of section 11010(e). It would then follow that the agreement of sale was void. (*Murphy* v. *San Gabriel Mfg. Co.*, 99 Cal.App.2d 365 [222 P.2d 85].) However, plaintiffs were innocent parties in the transaction and Sommers would be estopped from asserting the invalidity of the agreement, due entirely to his failure to comply with the law. (*Eberhard* v. *Pacific Southwest L. & M. Corp.*, 215 Cal. 226 [9 P.2d 302]; *Security-First National Bank* v. *J. G. Ruddle Properties, Inc.*, 218 Cal. 435 [23 P.2d 1016]; *Bliss* v. *California Coop. Prod.*, 23 Cal.App.2d 245 [72 P.2d 885]; *Headlund* v. *Sutter Med. Service Co.*, 51 Cal.App.2d 327 [124 P.2d 878].) Although plaintiffs, upon the facts alleged, would have had a right, upon disaffirmance of the agreement, to recover the sums they had paid less any allowable offsets, they did not demand or desire to pursue that remedy, but demanded title to the property.

The theory of the plaintiffs appears to be that inasmuch as the agreement would not be enforcible at the instance of Sommers, he should be required to accept the balance of the purchase price and convey title. This is an untenable theory. Plaintiffs have a written agreement to purchase the property which is enforcible against Sommers because he is estopped to urge its invalidity. They say they are not standing on that agreement and do not wish to enforce it. In that view of the case they have no agreement. If they claim under an oral agreement, partially performed by their occupancy of the property and the making of the instalment payments, their theory is faulty, in that it was alleged that the oral agreement was to purchase for the price and upon the terms and conditions stated in the written agreement. They have no agreement to purchase the property for cash, nor otherwise than in instalment payments. The only controversy appears to be whether the trial court should have entered a judgment ordering Sommers to accept the unpaid balance and execute a deed. The effect of the present judgment is that he does not have that duty, but that plaintiffs may complete their purchase upon the agreed terms and conditions of the written agreement. If plaintiffs had disaffirmed the agreement which they pleaded and had demanded the return of their money, they would have been entitled to

a money judgment. But they sued for a deed and the judgment properly stated the terms upon which they may acquire title to the property. It does not require them to complete their purchase.

Inasmuch as the judgment declares the rights of the parties, it seems to be quite immaterial that it also recites that plaintiffs' action is barred by the statute of limitations. No point is made of the fact that judgment was rendered on the pleadings although a demurrer to the complaint was sustained in the same hearing in which the motion for judgment on the pleadings was granted.

The judgment is affirmed.

Wood (Parker), J., and Vallée, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied May 21, 1953.