MARGARET O'CONNELL, Plaintiff-Appellee, *v.* MUTUAL OF OMAHA INSURANCE COMPANY, Defendant-Appellant.

(No. 54352;

First District—July 5, 1972.

Kralovec, Sweeney, Marquard & Scoby, of Chicago, (John C. Doyle, Jr., and Glenn H. Prohaska, of counsel,) for appellant.

William J. Harte and Francis H. Monek, both of Chicago, for appellee.

Mr. JUSTICE BURKE delivered the opinion of the court:

Action was brought by plaintiff, as beneficiary under a policy of

insurance issued by defendant to plaintiff's deceased husband seeking recovery under a double indemnity provision incorporated in the policy. The case was tried by the court, sitting without a jury, upon a stipulation of facts. The court found the sole issue raised by the stipulation of facts in favor of the plaintiff and entered judgment in her favor and against the defendant in the amount of $5,000, from which defendant appeals. The sole issue presented on appeal is "whether plaintiff's decedent was a 'fare-paying passenger' within the terms of defendant's policy of insurance."

The policy of insurance issued to plaintiff's deceased, in full force and effect on the date of his death on August 19, 1962, provided a basic accidental death benefit of $2500. Incorporated into the policy was a provision for double benefits, which reads in part as follows:

"PART L. DOUBLE BENEFITS FOR SPECIFIC LOSSES CAUSED BY SPECIFIED ACCIDENTS

If such injuries are received while the Insured is riding as a fare-paying passenger within the enclosed part of any railway or street railway passenger car or bus, operated on a regular schedule between designated stations and provided by a common carrier for passenger service only; and such injuries result from the damaging of the conveyance and totally and continuously disable the Insured within twenty days from the date of the accident and, independently of sickness and all other causes, result in any of the following specific losses within thirteen weeks and while the Insured is so disabled; the Association will pay for loss of: Life—Double Principal Sum *  *  *."

On the date of his death the plaintiff's deceased was an employee of the Chicago and Eastern Illinois Railroad and was riding on a regularly scheduled passenger train operated by the railroad enroute from Chicago to his home in Danville, Illinois, after having completed his service in the railroad's behalf on a run from Chicago to Evansville, Indiana and back. The deceased was not on duty at the time of his death, and was riding on a pass of transit issued by the railroad to its employees.

The stipulation of facts entered into between the parties hereto recited in part that if called by plaintiff to testify at trial, an official of the Brotherhood of Railway Trainmen would state that the pass issued to the deceased by the railroad was issued as a result of a collective bargaining agreement between the Brotherhood and the railroad. The stipulation further recited that if called by defendant to testify at trial, Mr. W. P. Norman of the railroad would testify that the pass issued to the deceased was not issued pursuant to any collective bargaining agreement between the railroad and the Brotherhood, but rather that it was issued as a gra-

tuity to employees of the railroad, including not only members of the Brotherhood, but executive officers and other railroad company officials as well.

The trial court specifically found that the deceased was, at the time of his death, "a fare-paying passenger within the meaning of the insurance contract," and entered judgment for plaintiff in accordance with the double indemnity provision of the policy.

Defendant contends that the deceased while riding on the pass was not a fare-paying passenger and that therefore the provision of the policy relating to the double benefits should not be given effect. We disagree.

In the case of *Florida East Coast Ry. Co. v. Booth,* 148 S.2d 536 (Dist. Ct. of App. of Fla., 3rd Dist.), it was held that a pass of transit issued by a railroad to its employees, where such issuance was required by a collective bargaining agreement negotiated between the railroad and the union to which the employee belonged, was issued for consideration and not as a gratuity. The court stated, at pages 537-538 of the opinion, that the union contract requiring the issuance of the railroad pass of transit removed its gratuitous nature and rendered it one issued for consideration. See also *Martin v. Greyhound Corp.,* 227 F.2d 501; 55 A.L.R.2d 766; 14 Am.Jur.2d, Carriers § 760.

The trial court in the instant case specifically found that plaintiff's deceased was riding as a fare-paying passenger on the railroad train at the time of his death, within the terms of the policy of insurance. The court therefore quite obviously found that the pass which had been issued by the railroad to the deceased was issued as a result of a collective bargaining agreement between the railroad and the Brotherhood of Railway Trainmen, inasmuch as that was the only contested issue of fact presented by the stipulation of facts entered into between the parties hereto. The trial court properly entered judgment in the amount of $5,000 as provided for in the double indemnity portion of the policy.

The cases cited by defendant in support of its position in this regard are distinguishable from the circumstances in the case at bar. See *Krause v. Pacific Mutual Life Insurance Co.,* 141 Neb. 844, 5 N.W.2d 229; *Metropolitan Life Insurance Co. v. Halcomb,* 79 F.2d 788; *Burns v. Mutual Ben. Life Insurance Co. of Newark,* 79 F.Supp. 847, none of which involved a pass of transit pursuant to a binding contract, which in turn served as consideration for the pass.

For these reasons the judgment is affirmed.

Judgment affirmed.

GOLDBERG, P. J., and LYONS, J., concur.