[L. A. No. 12923. In Bank.—December 14, 1932.]

JACOB BRAUNSTEIN et al., Appellants, v. TITLE GUARANTEE & TRUST COMPANY (a Corporation) et al., Respondents.

Goldman & Lieberman and J. J. Lieberman for Appellants.

Joseph Hansen, *in pro. per.*, Laurence W. Beilenson, Clore Warne, Pelton & Warne, Chase, Barnes & Chase, Elliott & Aberle, Overton, Lyman & Plumb, J. F. Moroney, Willis I. Morrison, William F. Adams and Amend & Amend for Respondents.

THE COURT.—The pleadings in this case are complex and the parties numerous. No good can be accomplished by a detailed discussion of the issues presented. Appellants' own version of the question involved is as follows: "Where the permit of the Corporation Commissioner authorized the issuance and sale to the public of negotiable notes of a property owner, secured by a trust deed of said property, but required the deposit of the notes in escrow until released for such sale by the Corporation Commissioner, and the notes are sold to the public by the escrow holder in violation of the permit and without the authority of the Commissioner, and without the knowledge or consent of the property owner, are they a valid and subsisting obligation against the property owner?"

In this connection it is only necessary to say that the appellants owned the property, executed the trust deed to the Title Guarantee & Trust Company, to secure the payment of 212 promissory notes and authorized the American Mortgage Company to sell the same to the general public. If the escrow party was the agent of appellants, with the consent of the corporation commissioner, and violated his instructions with respect to the escrow, the result of such violation cannot be rested upon the innocent purchaser. Appellants not only issued the notes and deed of trust to secure same, but presumably received the total net proceeds of sale thereof and they are in no position whatsoever to cause the innocent purchasers to suffer. The doctrine of *Eberhard* v. *Pacific Southwest L. & M. Corp.,* 215 Cal. 266 [9 Pac. (2d) 302], is authority for this statement as would be numerous well-settled legal principles not necessary here to enumerate.

The judgment is affirmed.