[Civ. No. 3751.   Fourth Dist.   Mar. 22, 1949.]

O. V. BLACKBURN, as Executor, etc., Appellant, v. UNION OIL COMPANY OF CALIFORNIA (a Corporation) et al., Respondents.

Porter C. Blackburn for Appellant.

Harvey, Johnston, Baker & Palmer for Respondents.

MUSSELL, J.—Plaintiff appeals from a judgment for defendants quieting title to fractional oil and gas interests.

Plaintiff's complaint contains the usual allegations in actions to quiet title. Some of the defendants disclaimed any interest in the property described in the complaint and the others filed answers setting forth their respective claims to interests in the property involved.

Defendants George Galatas and his wife claimed title to one-half of 1 percent of all oil, gas, and other hydrocarbon substances produced, saved, and sold from a part of the property described in the complaint and base their claim thereto on a "Landowner's Oil Royalty Contract" executed by O. P. Blackburn and others dated June 2, 1937. Defendants Warren E. Ten Eyck and his wife allege that since September 12, 1934, they have been and now are the owners of 1 percent of all oil, gas, or other hydrocarbon substances produced, saved, and sold from a portion of the property involved, and base their claim to title on a grant deed to them executed by O. P. Blackburn and others on September 12, 1934.

Defendants A. B. Ruddock and his wife claim title to one percent of the oil and gas, etc., in the same property obtained by them through deed from Blackburn and others in November, 1934, of which interest these defendants now own six-tenths of 1 percent, the other four-tenths of their interest having been by them conveyed to defendant Robert H. Miller on December 28, 1934.

At the trial the plaintiff admitted the due execution, recording and delivery of the instruments by which defendants claimed title but claimed that the transfers of these interests were violations of the Corporate Securities Act in that no permit to sell had been obtained as required by the act. After introducing in evidence certificates from the Corporation Commissioner to the effect that O. P. Blackburn did not have a broker's or agent's license to sell securities in his name for the year 1934, or thereafter, plaintiff called defendant George Galatas as a witness. The following testimony was then taken and proceedings had:

"Q. You are one of the defendants in this case? A. Yes sir. Q. And did you buy a one half of one percent interest in an oil development at one time? A. That is right. Q. And that was in the Weed Patch area? A. That is right. Q. And who did you buy that from? A. From Mr. Fred Blackburn. Q. Did you have any conversation with him at the time? A. Yes. Q. And who was there? A. The conversation was, he said 'I will sell you a one half of one per cent'—— MR. BAKER: (Interrupting) I would like to get in an objection before he

does testify. THE COURT: I don't know what good an objection is. You can always show a conversation surrounding the execution of an instrument, not to interpret it, or to change it. He said there was no conversation except he sold him a one half of one per cent. The conversation is not admissible unless the Court cannot tell what the assignment means. Conversations are admitted, not to find out what people said, but to find out what they meant by what they did say, and if the instrument is plain, then the conversation is not admissible. MR. BLACKBURN: It has nothing to do with what the instrument says. THE COURT: Q. Can you understand the instrument? MR. BLACKBURN: Yes. THE COURT: Then I will sustain the objection. You admit this means what it says then? MR. BLACKBURN: Yes. THE COURT: Then I will sustain the objection. MR. BLACKBURN: Then we can shorten this very quickly. I was going to put on the other defendants and ask them the same question. THE COURT: That is all right. I think the courts say about what I say. They say it is never admitted to vary the contract, if there is some question about what people mean by what they say, then you can introduce it, but if it is an ordinary assignment, I will sustain the objection for the purpose of the record. If you want to offer to prove the document——MR. BLACKBURN: No, we rest. MR. BAKER: We rest."

Plaintiff argues that "landowners royalties are securities, and are void; that vendees of void securities are not protected if *in pari delicto*; that the court erred in refusing to admit evidence as to whether the instruments of transfer were securities and that plaintiff was entitled to introduce oral evidence to determine if defendants were *in pari delicto*."

It is settled that the transfer of a landowner's royalty interest is a transfer of a security. (*Morello* v. *Metzenbaum*, 25 Cal.2d 494, 497 [154 P.2d 670].) The instruments which evidenced fractional or percentage interests in oil and gas production were certificates of interest and a permit from the Corporation Commissioner was required for the transfer of the interests described therein. (*People* v. *Sidwell*, 27 Cal.2d 121, 126 [162 P.2d 913].) The seller, in this case the decedent O. P. Blackburn, and the purchasers, the answering defendants, were not *in pari delicto* as the inhibitions of the Corporate Securities Act (Stats. 1917, p. 673 as amended; 2 Deering's Gen. Laws (1929 Supp.), p. 3287, Act 3814) against sales of securities to the public without permits are

meant to protect the public from imposition and deception—not primarily to benefit the seller. (*Domestic & Foreign Pet. Co., Ltd.* v. *Long,* 4 Cal.2d 547, 559 [51 P.2d 73].)

Plaintiff, as executor of the estate of O. P. Blackburn, deceased, seeks to take advantage of the decedent's wrong in selling securities without a permit. This he is not permitted to do. (*Domestic & Foreign Pet. Co., Ltd.* v. *Long, supra,* p. 559.) The defendants as purchasers are not here seeking to set aside the transfers to them, and to hold that plaintiff as executor, representing the sellers' estate, can do so, is to allow a premium for the wrong done by Blackburn and to defeat the purpose of the statute.

Plaintiff contends that the court erred in refusing to admit oral testimony, but the record does not disclose what evidence plaintiff sought to introduce. Plaintiff did not disclose the purpose of the last question propounded to the witness George Galatas, and the question was answered. No question was asked as to what was said and no offer of proof was made. Plaintiff's counsel merely stated to the court that he ''was going to put on the other defendants and ask them the same question.'' If counsel had stated what he wished to prove, it is possible that its relevancy would have appeared. As was said in *Stickel* v. *San Diego Elec. Ry. Co.,* 32 Cal.2d 157, 163 [195 P.2d 416] :

''A mere general offer of proof without producing the witness or stating the evidence whereby the fact in issue is to be proved, or, if the witness be present, without putting a question to him in such form as to give opportunity for objection, is not correct trial procedure and it affords no ground for appeal.''

We see no reversible error in the trial court's ruling under the circumstances.

Judgment affirmed.

Barnard, P. J., and Griffin, J., concurred.