[Civ. No. 19833.   Second Dist., Div. Three.   Mar. 2, 1954.]

WALTER J. STRANGMAN, Respondent, v. ARC-SAWS, INC., et al., Appellants.

George L. Duke in pro. per., and Joseph Doyle for Appellants.

Louis T. Fletcher, Jacob Chaitkin and Douglas J. Stapel for Respondent.

SHINN, P. J.—Plaintiff recovered judgment against Arc-Saws, Inc., a corporation, and George L. Duke in the sum of $10,000 plus interest, and defendants appeal.

The court found the following material facts: Defendant Duke, an attorney at law, was in the month of January, 1947, and ever since has been an officer and director of defendant corporation; he was then attorney for plaintiff, who reposed the utmost confidence and trust in him; in January, 1947, the corporation, being in need of additional capital, undertook to solicit funds from the public; Duke solicited funds from plaintiff and recommended that plaintiff invest money in the corporation, promising that he would act as his attorney in the transaction; Duke promised plaintiff that if he would invest $10,000 he would be repaid from profits of the corporation and would receive 10 per cent of certain stock therein; Duke concealed from plaintiff the fact that he was a director and officer and interested in the corporation; by reason of the representations, promises and concealments of Duke plaintiff invested the sum of $10,000 delivering the same to Duke

as secretary of the corporation; plaintiff received a writing reading as follows:

" 'February 13, 1947

"Mr. Walter J. Strangman
1120 South Main Street
Los Angeles 15

"Dear Mr. Strangman:

"We wish to express our sincere thanks for the confidence you have evidenced in the persons composing this company and in the future of our enterprise.

"This acknowledges the receipt from you of the sum of Ten Thousand Dollars as a loan to the corporation. This will be repaid to you from the profits of our operation upon a pro rata basis with the others who have advanced funds for the same purpose.

"The interests of all the individuals interested in Arc-Saws, Inc., are the same, and we assure you that everything possible will be done to accomplish an early and complete success.

Yours very truly,
ARC-SAWS, INC.

By FRANK ALEXANDER (Signed)
Frank Alexander

"FA/ld
c/c George L. Duke' "

It was found that the writing constituted a promise to issue a security; no permit was ever issued authorizing the corporation to sell or issue stock or evidence of debt such as promised to plaintiff, which fact was well known to the corporation and to Duke. From January, 1947, to August, 1951, Duke repeatedly assured plaintiff that his interest in the corporation was fully protected; that its prospects were excellent and that it would soon begin to pay dividends. Plaintiff would not have invested in the corporation had it not been for the representations and concealments of Duke and the confidence and trust which plaintiff reposed in him; the representations of Duke were false and were made negligently without Duke's having made any inquiry nor any attempt to inform himself whether said representations were true or false. There were certain additional findings stated as conclusions of law, namely, that Duke was guilty of gross negligence in failing to inform plaintiff that he was an officer and director of the corporation and financially interested

therein and that his representations and statements representing the corporation's affairs were made as positive statements in a manner not warranted by the information he had on the subject; that his implied representation that the corporation was not required to have a permit was a false representation negligently made, and constituted constructive fraud upon plaintiff; that he was not guilty of actual fraud.

On February 13, 1947, the following letter was given to Duke and a copy sent to plaintiff:

" 'February 13, 1947

"George L. Duke
650 So. Grand Ave.
Los Angeles 14

"Dear Mr. Duke:

"Please refer to the contract which I have with the individual stockholders of Arc-Saws, Inc., and the said corporation providing for the transfer to me of all the stock outstanding upon the payment of the sum of $16,000.00. Ten shares of stock have been issued.

"This will be your authority and you are hereby instructed to issue and deliver one share of the said stock to Walter J. Strangman of Los Angeles and also one share of said stock to yourself. It is understood that such transfers cannot be made until the above sum has been paid in full as agreed. I hereby acknowledge receipt of a full and adequate consideration for the said two shares of the capital stock of Arc-Saws, Inc.

Yours very truly,

FRANK ALEXANDER (signed)<br>Frank Alexander<br>1151 So. Broadway<br>Los Angeles 15

FA/ld
c/c Mr. Walter J. Strangman

"I hereby accept the above instruction.

George L. Duke (signed)<br>2/13/47' "

This appears to have been Duke's authority for his promise that one share of stock would be issued to plaintiff from the 10 shares that apparently had been issued to Alexander.

The first point on the appeal is that the complaint did not state facts which would give the superior court or any

court jurisdiction of the action. There is no merit in this point. The superior court is a court of general jurisdiction.

■ The next point is that the letter to plaintiff was not a security within the meaning of the Corporate Securities Act. No authority is cited for this proposition. As part consideration for the loan plaintiff was promised one share of stock in the corporation. It is asserted that the condition upon which Alexander was to receive stock was never met and that stock was never issued to plaintiff. There was, however, a conditional promise of stock which the court found was an inducement to the making of the loan. Furthermore, the court found that the money was obtained from plaintiff as a part of a plan to solicit loans from the public to be repaid out of profits. The transaction clearly involved the issuance of a security as that term is defined by section 25008, Corporations Code.

■ The next point is that in an action based upon an alleged violation of the Corporate Securities Act a plaintiff does not avoid the defense of the statute of limitations if he fails to protect his rights when he has knowledge of the possibility of loss of his money through the failure of the enterprise. The only rule of law cited in support of this assertion is that knowledge of facts sufficient to put a prudent person on inquiry is the equivalent of actual knowledge. So far as the defense of the statute of limitations is concerned the court found that plaintiff failed to make inquiry as to the truth of the statements of Duke because of the confidence and trust reposed in him and plaintiff's reliance upon Duke's representations. Plaintiff did not learn of the falsity of the representations until August 9, 1951, when he consulted with his attorney. The court concluded that the corporation and Duke were estopped to rely upon the defense of the statute of limitations. The facts found warranted the conclusion and the findings had support in the evidence.

■ The final point is that "Where a written promise to repay a loan is based upon a reasonable belief that no permit is necessary, the right of action accrues upon the date the written promise was made." It is said: "The evidence is abundantly clear that the defendant Duke honestly felt that no permit was required for the Strangman transaction and that such a conclusion was then reasonable." Duke testified that he had organized about a dozen corporations and was somewhat familiar with the Corporate Securities Act; that he did not have any idea that a permit was required or that

the transaction was illegal. He admitted, in answer to a question by the court, that his actions constituted an implied representation to plaintiff that the transaction was legal but he did not state any reason for believing that a permit was not required. There was evidence that he had previously obtained a permit for financing of the company upon a somewhat similar plan but we do not find in his testimony any statement that he believed the permit to be still in force and there was no evidence that it was in force. The court found that Duke was guilty of negligence in impliedly representing to plaintiff that no permit was required. No question is raised as to the sufficiency of the evidence to justify this finding.

There is no merit in the appeal. The most that can be said in Duke's favor is that the evidence discloses that he put forth earnest efforts to make a success of the corporation and that he had faith in its future. The fact that he deceived himself does not excuse the deceit of plaintiff as established by the findings. Liability was imposed for breach of duty Duke owed to plaintiff as his attorney and confidential advisor and for his active participation in an illegal transaction. (See *Auslen* v. *Thompson,* 38 Cal.App.2d 204 [101 P.2d 136].) In our review of the record we find nothing to indicate that Duke acted with dishonest motives but the facts found warranted a judgment against him as well as against the corporation.

The judgment is affirmed.

Wood (Parker), J., concurred.

Vallée, J., did not participate.

Appellants' petition for a hearing by the Supreme Court was denied April 28, 1954. Schauer, J., was of the opinion that the petition should be granted.