[Civ. No. 20082. Second Dist., Div. Two. June 17, 1954.]

M. G. N. OIL CO., INC., Appellant, v. S. A. GUIBERSON, JR., et al., Respondents.

David G. Licht for Appellant.

Charles A. Prince and C. E. Spencer for Respondents.

McCOMB, J.—From a judgment in favor of defendants, after trial before the court without a jury, in an action for declaratory relief, accounting and damages, plaintiff appeals.

*Facts*: Magnor Petroleum Company, hereinafter referred to as Magnor, was the holder of certain gas and oil leases located in Los Angeles County. On May 4, 1949, Magnor assigned the oil and gas leases to defendants. At the same time the following letter was signed by Allen Guiberson:

May . . ., 1949

"Mr. J. A. Novelli and Mr. C. M. Morse . . .

"This will confirm our understanding that, as consideration for your negotiating and arranging the transaction between Magnor Pet. Company and the undersigned, whereby the undersigned acquired a one-half interest in the Oil and Gas Lease dated January 13, 1949 . . . the undersigned hereby assigns to you the following interests in the following Oil and Gas Leases: (Description) It is understood that formal assignments of the foregoing interests will be executed, acknowledged and delivered to you . . . upon the obtaining of a permit from the Commissioner of Corporations of the State of California authorizing such assignments.

Very truly yours,
S. A. Guiberson, Jr.
By Allen Guiberson
Allen Guiberson"

These are the questions necessary for us to determine:

First: *Did the complaint state a cause of action in view of the fact that there was no allegation that a permit had been obtained from the Commissioner of Corporations of the State of California authorizing the assignments mentioned in the letter set forth above?*

This question must be answered in the negative. An instrument which evidences a fractional or percentage interest in oil and gas production is a "certificate of interest in an oil, gas or mining title or lease," and is a security within the meaning of the Corporate Securities Act. A permit is required for the assignment of such an interest. (*People* v. *Sidwell*, 27 Cal.2d 121, 126 [3] [162 P.2d 913]; *Blackburn* v. *Union Oil Co.*, 90 Cal.App.2d 775, 777 [1] [204 P.2d 69].)

In view of this rule of law one of the essential allegations for a cause of action was absent from the complaint and it failed to state a cause of action in favor of plaintiff.

It should be noted that no evidence was introduced at the time of trial showing that such a permit had been obtained from the Corporation Commissioner of the State of California.

Hence the alleged defect in the complaint was not supplied by evidence introduced at the trial.

Plaintiff having failed to allege or prove a cause of action the trial judge properly gave judgment in favor of defendants.

■ Second: *Did the trial court act arbitrarily to plaintiff's prejudice, necessitating a reversal upon the authority of Hays v. Viscome, 122 Cal.App.2d 135 [264 P.2d 173]?*

*No.* The record discloses that the trial judge acted with courtesy and patience throughout the trial and extended to plaintiff every opportunity to present its case. So far as the trial judge was concerned, plaintiff had a full, fair and complete trial. There is no analogy between the facts in *Hays v. Viscome, supra,* and the instant case.

In view of our conclusions it is unnecessary to discuss other questions argued by counsel.

Affirmed.

Moore, P. J., and Fox, J., concurred.