[Civ. No. 21110. Second Dist., Div. One. Dec. 30, 1955.]

CALIFORNIA STEEL AND CONSTRUCTION COMPANY (a Corporation), Respondent, v. MAE F. SPEICHER, Appellant.

Rinehart, Merriam, Parker & Berg and Jay D. Rinehart for Appellant.

Iverson & Hogoboom and William P. Hogoboom for Respondent.

NOURSE (Paul), J. pro tem.*—By its complaint in this action respondent sought to recover the purchase price of a prefabricated steel building sold by it to appellant under a written contract of sale. The complaint alleged that appellant, as buyer, and respondent, entered into a written contract (a copy of the contract is attached to the complaint and incorporated by reference), whereby respondent undertook to manufacture for appellant a steel building and erect the same on appellant's property at and for the price of $3,234; that respondent manufactured said building and offered to install it on appellant's property, but that appellant refused to accept delivery or pay any part of the purchase price; that the building was specially manufactured and not salable to others in the ordinary course of business and that after appellant refused to accept delivery respondent notified her that it was holding the building as her bailee.

Appellant, by her answer, admitted the execution of the contract and that she had made no payments thereunder; she denied the other material allegations of the complaint and alleged that contemporaneously with the execution of the written contract the parties had orally agreed that it should not be effective until she gave respondent notice to

*Assigned by Chairman of Judicial Council.

commence fabrication. By an affirmative defense, she alleged that respondent had represented that the building, when installed upon her real property, could be used for certain purposes; that under the ordinances of the city of Pasadena it could not be used for those purposes and that respondent had been refused a permit to erect the building on appellant's property for such use.

The allegations of the affirmative defense were not sufficient to constitute a charge of fraud and appellant did not, at the trial, claim that they were, but asserted the facts alleged constituted a warranty.

The trial court found that respondent had performed all of the terms of the contract on its part to be performed. except the installation of the building on appellant's real property and the securing of a permit for such installation: that appellant had refused to permit respondent to instal¹ the building and had, by her own acts, prevented respondent from securing the necessary permit; that the parties had not agreed that respondent should not commence fabrication of the building until told so to do by respondent; that it would have cost respondent to install the building upon appellant's property the sum of $464, which amount it was not required to expend. The trial court gave judgment for respondent for the contract price, less said installation cost, plus interest and attorney's fees, as provided in the contract.

Appellant makes two assignments of error, to wit:

(1) That the evidence shows that the contract sued upon was never performed and that the building contracted for was never fabricated;

(2) That there is no basis for the judgment under a suggested amendment to the complaint.

Neither assignment can be sustained.

The first point is based upon the testimony of respondent's estimator that the building shown on the plans which were furnished to appellant, was not a standard type of building shown in respondent's catalog. Appellant, therefore, argues that it was not the building covered by the contract. Appellant entirely misconceives the purpose of the testimony given by this witness. The contract called for the fabrication by respondent of a "Calsteel G-2500 2-Bay Garage Building." It then gave detailed specifications of certain structural members of the building. The testimony in question was offered and received to show that the building fabricated met these specifications and that it was an article of

special manufacture and therefore not readily salable to others on the open market. The testimony upon which appellant relies did not prove, or tend to prove, that the building fabricated by respondent, and offered by it to appellant, was not the building as to which the parties had contracted. In fact, the evidence proved that it was such a building.

We can find no basis in the record for appellant's second point. During the trial respondent asked, and was granted, permission to file an amendment to its complaint, by which it would plead a second cause of action in the form of a common count for goods sold and delivered. Respondent, however, did not file such an amendment, and the findings and judgment of the trial court are based solely upon the written contract sued upon.

It is not clear from appellant's brief whether or not she contends that the trial court erred in excluding evidence of the alleged oral contract which was pleaded in defendant's answer; that is, the oral contract that the written contract should not be effective until notice from the defendant. It seems clear that testimony offered to prove such an oral contract would have violated the parol evidence rule. Further than that, however, it is not at all clear from the record that the court would not have received evidence along this line had it been offered by appellant. The most that can be said from the record is that appellant intimated a desire to prove this defense. The intimation, however, was so tied up with other matters that it cannot be said that the court refused to hear evidence upon this matter. The appellant made no offer of proof, nor did she ask any question of any witness, the answer to which would have tended to prove this oral contract. The court not having made any express rulings showing that it would not receive any testimony along this line if it were offered, the appellant cannot, in the absence of an offer of proof, assert error. (*Stickel* v. *San Diego Elec. Ry. Co.,* 32 Cal.2d 157, 163 [195 P.2d 416] ; *Douillard* v. *Woods,* 20 Cal.2d 665, 669 [128 P.2d 6] ; *Blackburn* v. *Union Oil Co.,* 90 Cal.App.2d 775, 778 [204 P.2d 69].)

The judgment is affirmed.

White, P. J., and Doran, J., concurred.