[Civ. No. 22357. Second Dist., Div. One. Oct. 7, 1957.]

IRVING WILLENS, Respondent, v. H. H. HAGGE, Defendant; LILLIAN HAGGE, Appellant.

Charles C. Blaskower for Appellant.

Paul P. Selvin for Respondent.

DRAPEAU, J. pro tem.*—Plaintiff, Irving Willens, paid defendant H. H. Hagge $30,000, to be used in a tract building project at Twenty Nine Palms, California. This was responsive to an advertisement by Mr. Hagge, seeking investors in his project. The property on which the houses were to be built was owned by Mr. Hagge and his wife Lillian, as joint tenants.

Mr. and Mrs. Hagge made, executed, and delivered to plaintiff their promissory note for $30,000.

They also entered into a guaranty agreement and a limited partnership agreement with plaintiff.

All of these instruments were illegal, because they were issued after a public offer, contrary to the provisions of section 25500 of the Corporations Code.

The trial judge found that defendant H. H. Hagge knew, but that plaintiff did not know, that the transaction violated the Corporate Securities Act; that plaintiff was not *in pari delicto* in violating the law; and that he has not been repaid any part of the $30,000.

Judgment was for plaintiff against H. H. Hagge for money had and received; and against Lillian Hagge on the note; with provision that payment of either liability was *pro tanto* payment of the other.

Only Lillian Hagge appeals.

She argues that the findings do not support the judgment, and that she is not liable on the note, because, under the law, it is absolutely void as an illegal security.

Examination of the record shows that the findings are ample and sufficient to support the judgment.

█ The note is not void as to Lillian, because plaintiff was not *in pari delicto* in violating the law. In such circumstances an innocent party only may declare the instrument void. The policy underlying the Corporate Securities Act is that a purchaser of securities must be equally culpable with the seller before he can be held to be *in pari delicto* with him. (*Eberhard* v. *Pacific Southwest L. & M. Corp.*, 215 Cal. 226 [9 P.2d 302]; *Braunstein* v. *Title Guarantee & Trust Co.*, 216 Cal. 780 [17 P.2d 104]; *Security-First Nat. Bank* v. *J. G. Ruddle Properties, Inc.*, 218 Cal. 435 [23 P.2d 1016]; *Domestic & Foreign Pet. Co., Ltd.* v. *Long*, 4 Cal.2d 547 [51 P.2d 73]; *Silva* v. *Holme*, 109 Cal.App.2d 461 [241 P.2d 21]; *Blackburn* v. *Union Oil Co.*, 90 Cal.App.2d 775 [204 P.2d 69].)

█ Penalties of the Corporate Securities Act are leveled against the seller and not the buyer. (*Robbins* v. *Pacific Eastern Corp.*, 8 Cal.2d 241, 284 [65 P.2d 42].)

█ Lillian is primarily liable as comaker of the note, and is by its terms absolutely required to pay it. (Civ. Code, § 3266a; *Schaeffle* v. *Nolan*, 115 Cal.App.2d 651, 657 [252 P.2d 732, 35 A.L.R.2d 1027].)

Therefore, plaintiff may enforce the note against Lillian, according to its tenor and terms.

She relies upon the case of *Tevis* v. *Blanchard*, 122 Cal. App.2d 731 [266 P.2d 85]. That case is not in point, for it holds that when all parties to a transaction are *in pari delicto*

in violating the Corporate Securities Act they may all avail themselves of the defense of illegality.

Discussing the very point in this case made by appellant, Mr. Justice Fred B. Wood, speaking for the District Court of Appeal, First District, says (at p. 738) : "Unless he participated in such a fashion, with such a degree of culpability as to put him *in pari delicto* with the corporation and its representatives, he is not without remedy."

The judgment is affirmed.

White, P. J., and Fourt, J., concurred.