[L. A. No. 27851.    In Bank.    July 2, 1964.]

A. R. BELLERUE, Plaintiff and Appellant, v. BUSINESS FILES INSTITUTE, INC., et al., Defendants and Respondents.

Leonard B. Hankins and James L. Hay for Plaintiff and Appellant.

James A. Poore for Defendants and Respondents.

McCOMB, J.—Plaintiff appeals from a judgment for defendants in an action to recover money on the ground that the transaction was a violation of the Corporate Securities Law and on the additional ground that it had been induced by misrepresentations.

*Facts:* Defendants Hedden and Hilliard organized defendant Creative Management Corporation (hereinafter referred to as "C.M.C."), each taking 49 per cent of the stock and each actively participating in its operation. Shortly thereafter, defendant Business Files Institute, Inc. (hereinafter referred to as "B.F.I.") was formed, with all 100 shares of B.F.I.'s authorized stock being issued to C.M.C. for $10 per share, pursuant to a permit from the Corporation Commissioner. The permit did not restrict the resale of the B.F.I. stock, nor did it require the stock to be placed in escrow.

Plaintiff and C.M.C. entered into an agreement whereby plaintiff was to lend $10,000 to B.F.I. and to pay C.M.C. $10 each for $7\frac{1}{2}$ shares of the B.F.I. stock held by C.M.C. Pursuant to this agreement, plaintiff paid defendants $7,565, receiving promissory notes from B.F.I. for $7,500. No permit was obtained with regard to this transaction, and plaintiff brought suit for the return of his money on the theory that the transaction was in violation of the Corporate Securities Law.

*Questions:* First. *Was the transaction void because a permit was not first obtained from the Corporation Commissioner?*

*Yes.* Section 25152 of the Corporations Code exempts from the Corporate Securities Law " . . . the sale of securities when (a) made by or on behalf of a vendor not the issuer or underwriter thereof who, being a bona fide owner of the securities, disposes of his own property for his own account, and (b) the sale is not made, directly or indirectly, for the benefit of the issuer or an underwriter of the security. . . ." A permit for the sale of stock by a vendor who was not the issuer is therefore required when the sale is made for the benefit of the issuer.

In *People* v. *Mason*, 86 Cal.App.2d 445, 454 [10] [195 P.2d 60], it is stated with regard to the predecessor code section to

section 25152, which included almost identical provisions: "This language is tantamount to declaring it to be a felony if by the sale of a security prior to the issuance of a permit to the issuer by the Corporation Commissioner the vendor causes the issuer thereof *to profit or to be advanced by such sale.* The uses to which appellant applied portions of his proceeds of sales of the diesel stock fully justify the implied finding that he sold his 'personally owned' stock *for the benefit of the corporation."* (Italics added.)

Likewise, in *Conrad* v. *Superior Court,* 209 Cal.App.2d 143 (hearing denied by the Supreme Court) it is stated, at page 151 [25 Cal.Rptr. 670] : " ... there is nothing vague or uncertain in the provision of section 25152 which *prohibits* a seller from selling his own securities without a permit unless he sells them for his own account and not for the *benefit* of the corporation." (Italics added.) (See also *People* v. *Mills,* 148 Cal.App.2d 392, 406 [9] [306 P.2d 1005] [hearing denied by the Supreme Court] ; *Smith* v. *Randall,* 51 Cal.App.2d 195, 197-198 [124 P.2d 334] ; 2 Ballantine & Sterling, California Corporation Laws (4th ed. 1963) § 459.01, p. 909.)

A transaction is a sale of a security when the investor gives money to a company in exchange for an interest by which he obtains a share of the company's profits. (*People* v. *Sidwell,* 27 Cal.2d 121, 126 [3] et seq. [162 P.2d 913] ; *Strangman* v. *Arc-Saws, Inc.,* 123 Cal.App.2d 620, 624 [2] [267 P.2d 395] [hearing denied by the Supreme Court].)

It is clear that plaintiff lent the $7,500 to B.F.I. because of the incentive to gain the stock in B.F.I. and thereby participate in its profits, it being undisputed that the sale of B.F.I. stock by C.M.C. was conditioned on plaintiff's loan and that the loan was conditioned on plaintiff's being able to obtain the stock.

Under the circumstances, the loan and the sale of stock were a single, integrated bargain which constituted, in effect, a sale by B.F.I. Accordingly, the agreement between the parties was an investment contract amounting to a security sold by, or for the benefit of, the issuer, and a permit was required.

Second. *Is the doctrine of pari delicto applicable to the facts of the present case?*

*No.* Although plaintiff subsequently became a director of B.F.I., he was not a director at the time he and defendants made the agreement under which he was to lend B.F.I. the sum of $10,000 and pay C.M.C. $10 each for 7½ shares of

stock of B.F.I.* Therefore, he was not *in pari delicto* with defendants. (See *Willens* v. *Hagge,* 154 Cal.App.2d 242, 243 [1] [316 P.2d 29].)

The judgment is reversed.

Gibson, C. J., Traynor, J., Schauer, J., Peters, J., Tobriner, J., and Peek J., concurred.

---

*The agreement was made on April 1, 1958, and plaintiff became a director of B.F.I. on May 1, 1958.