PEARSON, Judge.
The appellant, Donald A. Cain, contracted to purchase capital stock of Hobbyfish, Incorporated, from appellee Leonard J. Solomon. Cain partially performed the contract to purchase stock and then refused to complete payment of the purchase price. Instead, he instituted an action against Solomon and Hobbyfish for return of that portion of the purchase price he had already paid upon the ground that the sale was void under the provisions of the Florida Securities Law, Chapter 517, Fla.Stat. (1965).
The appellees attached numerous exhibits to their answer to Cain’s complaint. One of the exhibits was the stock purchase agreement. In addition Solomon filed a counterclaim for the balance due upon the contract. Cain’s answer to the counterclaim denied liability for any balance due. The appellees filed a motion for judgment on the pleadings. Judgment for Hobbyfish and for counterclaimant Solomon was entered, and this appeal followed.
We should first point out that we are not here concerned with the procedural regularity of the judgment on the pleadings, because it is not in issue.
*37 The appellant presents us with the question:
“Is the sale of securities by an individual owner thereof to another individual an exempt transaction within the meaning of Chapter 517, Florida Statutes 1965, 517.-06(3), where the issuer is the third party beneficiary in the contract between the individuals for the sale and purchase of said securities?”
The following factual situation gave rise to the question. The appellant, Cain, entered into a written agreement with appellee Solomon in which Cain agreed to buy from Solomon twenty four and one-half shares of the capital stock of Hobbyfish, Incorporated, for the sum of $82,000. The price was payable $50,000 in cash and $32,000 on or before January 1, 1968. The agreement provided that as further consideration for the sale Cain would lend Hobbyfish $20,000 for operational needs. Cain paid Solomon the $50,000 and lent Hobbyfish $2,000. Solomon was not the original subscriber for the shares but owned 25 shares, 50% of the capital stock of Hobbyfish.
Appellant’s complaint sought return of the $50,000 paid to Solomon and the $2,000 lent to the corporation. The complaint alleged that the sale was void because it was an illegal sale under § 517.07 Fla.Stat.:
“No securities except of a class ex-exempt under any of the provisions of § 517.05 or unless sold in any transaction exempt under any of the provisions of § 517.06 shall be sold within this state unless such securities shall have been registered as hereinafter defined. * * * ”
Appellees contend that the stock need not have been registered because of § 517.06(3):
“The isolated sale of securities [is an exempt transaction] when made by or on behalf of a vendor not the issuer or underwriter thereof, who, being the bona fide owner of such securities disposes of his own property for his own account and such sal e is not made directly or indirectly for the benefit of the issuer or an underwriter of such securities or for the direct or indirect promotion of any scheme or enterprise with the intent of violating or evading any provision of this chapter.”
In its final judgment the court said:

“The complaint admits that the plaintiff, Donald A. Cain, purchased 24% shares of the capital stock of Hobbyfish, Incorporated, for the sum of $82,000.00, payable $50,000.00 in cash, the balance of $32,000.00 to be due and payable on or before January 1, 1968. The plaintiff seeks to avoid the entire contract and recover the sum of $50,000.00 paid, based solely upon the contention that the sale from Leonard J. Solomon to Donald A. Cain was in violation of the provisions of the Florida Statutes of 1965, Chapter 517. The allegations in the complaint were only general, but the Court denied the motion to dismiss the complaint and required an answer to be filed.”

“The Court finds from the undisputed allegations of the complaint and answer and the consideration of the exhibits that the plaintiff’s legal contention is without foundation and that the sale from Leonard J. Solomon to Donald A. Cain was clearly an exempt transaction under the provisions of Chapter 517.06(3).”

We think that because the appellant has waived the question of the procedural regularity of the judgment, we should accept the allegations of the answer as true. Therefore, we must decide whether a sale of stock between two individuals loses its exempt status under § 517.06(3) as a matter of law because one of the provisions of the contract *38 for the sale is that the purchaser shall lend a sum of money to the corporation which originally issued the stock he is buying.
In support of his position that the sale was not an exempt transaction the appellant points out that § 517.06(3) provides that a sale shall be exempt only if it is not made directly or indirectly for the benefit of the issuer and that his loan did benefit the issuer. We do not think that the statute means that the corporation can receive no benefit whatsoever from the sale. It means, rather, that a sale shall not be exempt when an individual makes the sale apparently for his own benefit but in reality for the benefit of the corporation. It does not follow that because a corporation receives some benefit (in this instance a loan of money) from a sale of stock by an individual that the corporation is the real party in interest.
We hold that the provision in the contract that the purchaser make a loan to the corporation is a factor to be considered in determining whether the sale is for the benefit of the corporation. We also hold that the provision for the loan does not as a matter of law make the present sale a sale for the benefit of the corporation.
Appellant has argued extensively and persuasively to the contrary, but he has been able to present us with only one holding, Bellerue v. Business Files Institute, Inc., 61 Cal.2d 488, 39 Cal.Rptr. 201, 393 P.2d 401 (1964), which might indicate that a sale of stock by an individual is for the benefit of the corporation when it includes a loan to the corporation. In Bellerue the California Supreme Court reversed a final judgment for the defendants, who were the organizers and sole stockholders of the issuing corporation. The plaintiff investor had paid $7,565.00 to one corporation for seven and one-half shares of stock of another corporation. The plaintiff was to lend $10,000 to the second corporation as part of the transaction. The court held that under the circumstances the loan and the sale of stock were a single integrated bargain which constituted the sale of a security by the second corporation and that under the corporation code of the State of California the sale was void for failure to secure a permit. The circumstances of the California case are different from those of the instant case. Here we would not be justified in holding that the contract before the trial court demonstrated as a matter of law that the loan and the sale were a single transaction which constituted a sale of a security requiring registration by the corporation.
For the reasons previously stated, we hold that no error has been demonstrated under appellant’s first point. His remaining point presents no argument which we have not already considered.
Affirmed.