Filed 2/20/14  Desmet v. Martindale CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| VICKI M. BROWN DESMET, | B240472 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. KC054535) |
| v. | |
| JAMES H. MARTINDALE et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Salvatore Sirna, Judge.  Modified and affirmed.

J. Cranor Richter for Plaintiff and Appellant.

Sloan Law and James D. Sloan for Defendants and Respondents.

Plaintiff Vicki M. Brown Desmet (Desmet) appeals from a judgment in favor of defendants James H. Martindale and Lynette A. Martindale in which the trial court determined that an easement running over the Martindales' property does not benefit real property owned by Desmet. Desmet also challenges the trial court's determination that the easement was extinguished. We affirm the judgment as to Desmet. We modify as overbroad the portions of the judgment that determine the easement in question is extinguished, and the Martindales' property is no longer burdened by the easement because a necessary and indispensable party was not a party to this action.

FACTUAL AND PROCEDURAL BACKGROUND[1]

Desmet's property is at 442 Oak Knoll (Lot 14 of Tract No. 24024) in the City of Glendora and also includes the east 70 feet of Lot 13 of Tract No. 24024, which is the adjacent property. In June 1964, the owner of Lot 13 (Sierra Jose, Inc.) subdivided the lot without approval from the City of Glendora and sold Lot 13 "excepting therefrom the Easterly seventy (70) feet thereof." The Martindales' property at 502 Oak Knoll (Lot 11) is adjacent to Lot 13. The easement in question is for "ingress and egress," over the southwest portion of 502 Oak Knoll along the southern border of Lot 13.

Desmet filed a declaratory relief action against the Martindales, alleging the easement benefited the east 70 feet of Lot 13 and sought to establish an easement by express grant, implication, operation of law, or prescription. She also stated a cause of action to quiet title and sought injunctive relief. The Martindales responded with a cross-complaint for statutory abandonment of easement (Civ. Code, § 887.040), declaratory relief seeking a judicial determination of the rights and duties of Desmet and "any unknown cross-defendants' assertion of an interest" in the easement, and injunctive relief. By the time of trial, the Martindales' second amended cross-complaint did not assert a cause of action for statutory abandonment.

During the four-day bench trial, several witnesses testified.

---

[1]    When the challenge is to the sufficiency of the evidence, we recite the facts in the light most favorable to the prevailing party. (*Greenwich S.F., LLC v. Wong* (2010) 190 Cal.App.4th 739, 747.)

2

1.  *History of the Haubrock Easement*

In June 1964, following the subdivision of Lot 13, A. Charles Haubrock and Phyllis Noreen Haubrock purchased Lot 13, with the exception of the east 70 feet, commonly referred to as 450 Oak Knoll.[2]  In November 1964, Martin C. Bonar and Rosebud E. Bonar, owners of 442 Oak Knoll (Lot 14), bought the east 70 feet of Lot 13, creating a flag lot.  The east 70 feet of Lot 13 and the eastern portion of Lot 14 include a steep slope and flat plateau.  442 Oak Knoll (Lot 14) is accessible by common driveway from Oak Knoll Drive.  The east 70 feet of Lot 13 is accessible from stairs located on 442 Oak Knoll (Lot 14).

In December 1964, the owner of 502 Oak Knoll granted the Haubrocks an easement over the southern portion of the property.  The "Haubrock Easement" reads: "For a valuable consideration, receipt of which is hereby acknowledged, [¶] Willis E. McKnight and Dorothy G. McKnight, husband & wife, [¶] hereby grants to [¶] A. Charles Haubrock and Phyllis Noreen Haubrock . . . [¶] . . . [a]n easement for ingress and egress" over the southwestern portion of 502 Oak Knoll.  (Capitalization omitted.)  The location of the easement and extent of the easement is described by reference to a recorded subdivision map.  The easement runs the entire length of Lot 13, including the east 70 feet.  The Haubrocks, however, did not own the east 70 feet of Lot 13.

The Haubrock Easement appears in the chain of title to 450 Oak Knoll as it was transferred by mesne conveyance from the Haubrocks to the present owner, Lee Charles Garver, who acquired the property in 1997.  Since 1980, 442 Oak Knoll and the east 70 feet of Lot 13 have been sold as a single parcel.[3]  The Haubrock Easement does not appear in the chain of title to 442 Oak Knoll.

---

[2]    For a period of time, the Bonars also owned 450 Oak Knoll.  In 1972, the Bonars conveyed 450 Oak Knoll to their son and his wife.

[3]    In 1970, the Bonars conveyed 442 Oak Knoll to their son, Ryan Bonar.  In 1979, Ryan Bonar executed a deed conveying title to 442 Oak Knoll, but not the east 70 feet of Lot 13.  Litigation ensued over the east 70 feet of Lot 13.  Ryan Bonar, thereafter, conveyed the east 70 feet of Lot 13 to the buyers of 442 Oak Knoll.

3

The Martindales were aware of the Haubrock Easement when they purchased 502 Oak Knoll.

2. *Use of the Haubrock Easement*

Ryan Bonar, the Bonars' son, testified there was a dirt road on the Haubrock Easement that reached the east 70 feet of Lot 13. For several years, he drove "100 loads" of horse manure up to his mother's garden on a plateau portion of the east 70 feet of Lot 13. Sometime in 1985 or 1986, he constructed a fence around 450 Oak Knoll that had a gate to access the east 70 feet of Lot 13 from the Haubrock Easement on 502 Oak Knoll. He testified that in 1986 there was no fence on 502 Oak Knoll separating the properties. This testimony, however, was controverted by the former owner of 502 Oak Knoll.

Geraldine Atchley owned 502 Oak Knoll from 1972 through 1998. She testified there was no dirt road or dirt path on her property that could have been used to access the east 70 feet of Lot 13. Atchley installed an electric gate across her driveway that would not permit any access. She also testified that a chain link fence, running east and west along the southern border of 502 Oak Knoll, with no access to the east 70 feet of Lot 13, already was in place when she bought the property in 1972. The Bonars' fence ran parallel to her fence along the southern property line.

By 1999, when the Martindales bought 502 Oak Knoll, the southern border of the property encompassing the Haubrock Easement was densely landscaped with trees and shrubs. The chain link fence remained in place on the Martindales' property and there was no gate that permitted access to the east 70 feet of Lot 13. There also was no access road to the east 70 feet of Lot 13.

Garver, the current owner of 450 Oak Knoll, bought the property in 1997 and testified there is no road on 502 Oak Knoll. He also testified there is a fence between his property and 502 Oak Knoll.

3. *Desmet Attempts to Use the Haubrock Easement*

In 2002, Desmet first approached the Martindales about an easement through their property to access the east 70 feet of Lot 13. She engaged a title company to investigate the accessibility of her property through easements on the adjoining properties. The title

4

company representative came to the conclusion that the Haubrock Easement benefited the east 70 feet of Lot 13. Desmet wrote a letter to the Martindales in which she asked the Martindales to "remove the portion of the fence at the old gate access so [she could] start removing the debris, grade a road to the property, and start accessing the property."

4. *Experts' Opinions on the Haubrock Easement*

The parties' experts presented differing opinions as to whether the Haubrock Easement benefited the east 70 feet of Lot 13. Desmet's expert opined that because the Haubrock Easement extended the length of Lot 13 and was not necessary to access the front half of the property, its sole purpose was to access the east 70 feet of Lot 13. The expert testified that based upon the topography map he prepared, an existing graded road indicated the easement "was basically there to serve the upper portion of Lot 13."

The Martindales' expert disagreed with testimony that a road existed on 502 Oak Knoll to access the east 70 feet of Lot 13. The expert also questioned the reliability of the contours on the topography map prepared by Desmet's expert that indicated an access road existed. The Martindales' expert compared the topography map with his measurements and concluded there had never been a road to access the east 70 feet of Lot 13.

5. *The Statement of Decision, Judgment, Appeal*

In its final statement of decision, the trial court concluded the Haubrock Easement was created by express grant deed. "The operative words of conveyance are clear and unambiguous, creating a right of access in favor of the Haubrocks over a specific portion of 502 Oak Knoll, at the time owned by the McKnights." The Haubrocks owned Lot 13, with the exclusion of the east 70 feet of Lot 13. The court also concluded that the Haubrock Easement is appurtenant to the land. "In other words, the Haubrock [E]asement attaches to and runs with (passes with) the easement holder's land, in this case, Lot 13 (450 Oak Knoll); not the east 70 feet of Lot 13."[4]

---

**4** The statement of decision concluded Desmet did not have an easement by implication, easement by prescription, or easement by necessity. Desmet does not challenge these conclusions on appeal.

5

In ruling on the Martindales' declaratory relief action, the trial court concluded that the Haubrock Easement was extinguished by prescription.

The court entered an amended judgment (judgment) against Desmet. The judgment states:

"Defendants are entitled to judgment in their favor and against Plaintiff on their cross-claim for declaratory relief, the Court finding as follows:

"1.     The Haubrock Easement, as identified in the grant deed recorded in the official records of Los Angeles County December 29, 1964 [Instrument No. 4339] is extinguished and of no further effect;

"2.     The Haubrock Easement never attached or became appurtenant to the east 70 of Lot 13 of Tract No. 24024, City of Glendora, California;

"3.     The property owned by Defendants, commonly known as 502 Oak Knoll Drive, Glendora, California, is free of the burden of the Haubrock Easement; and

"4.     No easement has been created by implication, necessity and/or prescription in favor of Plaintiff and/or the property commonly known as 442 Oak Knoll Drive, Glendora, California (consisting of Lot 14 and the east 70 feet of Lot 13 of Tract No. 24024, Glendora, California), and against Defendants and/or the property commonly known as 502 Oak Knoll Drive, Glendora, California."

Desmet timely appealed.

CONTENTIONS

Desmet challenges the judgment and raises the following three contentions: (1) the statement of decision is inadequate because the trial court "failed to properly consider appellant's legal argument that an illegal subdivision of the property resulted in the owner of the east 70 feet of Lot 13 having a sufficient legal and/or equitable interest in the property for the Haubrock Easement to attach and run with the land to successive purchasers"; (2) the judgment improperly extinguished the Haubrock Easement because the Martindales' amended cross-complaint did not include a cause of action for statutory

6

abandonment of easement; and (3) insufficient evidence supports the trial court's conclusion that the Haubrock Easement has been extinguished.

## DISCUSSION

1. *Adequacy of Statement of Decision*

Desmet challenges the adequacy of the statement of decision, arguing that the trial court was obligated to address her legal arguments regarding the effect of the illegal subdivision of Lot 13. On appeal, as in the trial court, Desmet argues that because of the illegal subdivision of Lot 13 in 1964, the purchaser of the east 70 feet of Lot 13 (the Bonars) had "a sufficient legal and/or equitable interest in the property for the Haubrock Easement to attach and run with the land to successive purchasers." Stated another way, in 1964 when the Haubrocks and the Bonars each acquired a portion of Lot 13, the seller (Sierra Jose) "retained equitable title to the east 70 feet of Lot 13 until such time as compliance with the Subdivision Map Act and/or local regulations of the City of Glendora is obtained." Desmet raised these same arguments in her closing argument briefs and in her objections and reply to the proposed statement of decision.

The trial court does not have to address all the legal issues raised by the parties. (*Yield Dynamics, Inc. v. TEA Systems Corp.* (2007) 154 Cal.App.4th 547, 559.) Code of Civil Procedure section 632 provides that at the request of any party, a court must issue a statement of decision explaining "the factual and legal basis for its decision as to each of the principal controverted issues at trial."

The 25-page statement of decision sets forth the factual and legal basis for the court's conclusion that the operative words in the Haubrock Easement were "clear and unambiguous, creating a right of access in favor of the Haubrocks over a specific portion of 502 Oak Knoll." Because the court concluded the Haubrock Easement is an easement appurtenant to the land, it attaches and runs with the easement holder's land, which excluded the east 70 feet of Lot 13. The statement of decision also addressed and rejected Desmet's expert testimony that the Haubrock Easement was intended to benefit

7

the east 70 feet of Lot 13. The trial court's determination on this issue satisfied its statutory obligation.[5]

Moreover, the statement of decision actually did address the subdivision of Lot 13. The trial court determined that no easement was created by implication to which Desmet may claim a benefit to the east 70 feet of Lot 13. In reaching this conclusion, the trial court analyzed the significance of the subdivision of Lot 13. "When Sierra Jose split Lot 13 without City of Glendora approval on June 17, 1964 and sold Lot 13, except the east 70 feet, to the Haubrocks, and [sold] the east 70 feet of Lot 13 to the Bonars, a potential easement by implication was created. However, Plaintiff does not seek such relief from the owner of 450 Oak Knoll (Lot 13, except the east 70 feet), and the requirement cannot be satisfied as to Defendant Martindale."

Desmet's contention is not that the statement of decision is inadequate, but that the trial court legally erred in concluding the Haubrock Easement did not benefit her property. Although the Haubrock Easement does not specifically identify Lot 13, with the exception of the east 70 feet, the trial court relied on the well-settled legal principle that the benefit of an appurtenant easement attaches only to the land of the easement holder; it cannot be extended to benefit additional property that was not part of the dominant tenement at the time the easement was created. (*Buehler v. Oregon-Washington Plywood Corp.* (1976) 17 Cal.3d 520, 527; see Civ. Code, § 1104; 6 Miller & Starr, Cal. Real Estate (3d ed. 2006) Easements, § 15:6, p. 15-25.) The evidence presented at trial established the Haubrocks owned 450 Oak Knoll, with the exception of

---

[5]     As the Martindales point out, the statement of decision also reads: "The court has read and considered the objections to the Proposed Statement of Decision Filed by Plaintiff VICKI M. BROWN DESMET and by Defendants JAMES H. MARTINDALE and LYNETTE A. MARTINDALE, including each parties' respective replies thereto." The trial court overruled Desmet's objection that the conclusions of law "fail to address the issues raised by Plaintiff that the illegal subdivision caused by the conveyance by Sierra Jose to Haubrock (as to Lot 13, excepting the east 70 feet of Lot 13) and the conveyance by Sierra Jose to Bonar (as to the east 70 feet of Lot 13) created legal title in Haubrock as to Lot 13, and an equitable title in Bonar as to the easterly 70 feet of Lot 13."

the east 70 feet of Lot 13, at the time the Haubrock Easement was created. Thus, the trial court did not err.

Desmet repeats the argument that because Lot 13 was not legally separated in compliance with the Subdivision Map Act (Gov. Code, § 66410 et seq.) and approved by the City of Glendora, the Haubrocks actually held legal title to all of Lot 13 at the time the Haubrock Easement was created, and the Bonars held equitable title to the east 70 feet of Lot 13. Alternatively, Desmet argues equitable title remained in the name of Sierra Jose, the company that subdivided Lot 13. These arguments are buttressed by the testimony of the City of Glendora planning manager who stated the city considers Lot 13 as a whole. Thus, it is Desmet's position that until Lot 13 is subdivided in compliance with the Subdivision Map Act and the local regulations of the City of Glendora, the Haubrock Easement benefits all of Lot 13.

Desmet has no legal support for her position.[6] The remedy for a violation of the Subdivision Map Act is against the grantor of the illegally subdivided property, not to further burden the servient tenement. Any deed of conveyance, sale or contract to sell real property that has been divided, or has resulted from a division, in violation of the Subdivision Map Act or local ordinances enacted pursuant to the Subdivision Map Act is voidable at the sole option of the grantee, buyer or person contracting to purchase, heirs, personal representatives, or trustees in insolvency or bankruptcy within one year after the

---

[6]     Desmet relies on cases that discuss equitable remedies and equitable title but not in the context of failure to comply with statutory requirements to subdivide properties (e.g., *O'Keefe v. Aptos Land & Water Co.* (1955) 134 Cal.App.2d 772, 780-782), or she relies on cases in which the purchaser, upon discovery that the seller illegally subdivided property, can either affirm the agreement or disaffirm the agreement and recover the sums paid less any offsets (*Perkins v. Sommers* (1953) 117 Cal.App.2d 32, 34). (See also *Wilson v. Anderson* (1930) 109 Cal.App. 467, 473-475 [in complaint seeking quiet title, the court may enter such judgment as equities of the case may require].) Desmet also cites *Moylan v. Dykes* (1986) 181 Cal.App.3d 561, 571-572. *Moylan* is inapposite because it holds the conveyance of the dominant tenement transfers all appurtenant easements to the grantee, even though the easements are not specifically mentioned in the deeds. *Moylan* further concludes that an easement for ingress and egress reserved in a deed may be appurtenant to a parcel it does not touch. (*Id*. at p. 573.)

date of discovery of the violation. (Gov. Code, § 66499.32, subd. (a).) Any grantee may within one year of the date of discovery of such violation, bring an action against the person who illegally subdivided the property or successors who have actual or constructive knowledge of the division. (Gov. Code, § 66499.32, subd. (b).) The additional remedy of injunctive relief is available to enjoin any attempted or proposed subdivision that does not comply with the Subdivision Map Act or local ordinances. (Gov. Code, § 66499.33.) Thus, the failure to comply with the statutory requirements to subdivide Lot 13 does not burden the servient tenement (the Martindales' property) beyond the express grant in the Haubrock Easement.

2. *Statutory Abandonment Was Not Addressed in the Statement of Decision*

Desmet next contends the trial court exceeded its jurisdiction because the statement of decision effectively rules on the Martindales' statutory abandonment of the easement (Civ. Code, § 887.040), even though that claim had been dismissed before trial. The proposed statement of decision incorrectly referred to the first amended cross-complaint and addressed the statutory abandonment cause of action. Desmet objected. The trial court corrected the error. The statement of decision and judgment supersede any tentative decision. (*Shaw v. County of Santa Cruz* (2008) 170 Cal.App.4th 229, 268.) The statement of decision addresses the Martindales' declaratory relief action, which was properly before the court.

3. *Judgment Extinguishing the Haubrock Easement is Overbroad*

Desmet also contends the evidence does not support the trial court's conclusion that the Haubrock Easement has been extinguished by prescription because the statement of decision contains no findings of hostile use, citing only evidence of nonuse by the owners of 450 Oak Knoll. "An easement obtained by grant . . . may indeed be lost by prescription, e.g., when the owner of the servient tenement makes a use of his or her own land in a manner which is adverse to the rights represented by the easement." (*Tract Development Services, Inc. v. Kepler* (1988) 199 Cal.App.3d 1374, 1386; see also *Sevier v. Locher* (1990) 222 Cal.App.3d 1082, 1084-1085.)

10

In light of our conclusion that the Haubrock Easement did not benefit Desmet's property, we need not address Desmet's argument that there is insufficient evidence to support the judgment in favor of the Martindales as it pertains to extinguishing Desmet's rights to the Haubrock Easement.

Desmet acknowledges that the Martindales could seek a declaration extinguishing any rights she might have with respect to the Haubrock Easement. But, she challenges the judgment insofar as the trial court extinguished the Haubrock Easement and declared the Martindale property no longer burdened by the Haubrock Easement because it affects the rights of others, including Garver, the current owner of 450 Oak Knoll and successor in interest to the Haubrocks, who is not a party to the action.[7]

In this case, Garver is a necessary and indispensable party to a determination that the Haubrock Easement is extinguished. A necessary party is one who claims an interest relating to the subject matter of the litigation. (Code Civ. Proc., § 389, subd. (a).) Such a party is indispensable if a ruling may impair the ability to protect his interest and leaves a party to the action subject to a substantial risk of multiple or inconsistent obligations by reason of his claimed interest. (*Ibid.*)

Garver is a successor in interest to the Haubrocks, and he has an interest in the adjudication of the Martindales' claim to extinguish the Haubrock Easement. He is an indispensable party because his absence impairs his ability to protect that interest, and subjects the Martindales to a substantial risk of otherwise inconsistent obligations by reason of Garver's interest. Thus, to the extent the court limited its adjudication to the interests of parties participating in this action – the Martindales and Desmet – its judgment is not overbroad. Because the judgment on the cross-complaint appears to go beyond the parties to the action and extinguish the Haubrock Easement as to all parties, it

---

[7] Garver testified he was not aware of any easement that would give him the right of ingress and egress over the Martindale property. "Q Now, are you aware of an easement to the North of your property that's on the Martindale's property that would give you a right of ingress and egress over to their property? [¶] A No, I have no right other than Martindale's permission, but no legal right, to trespass onto his driveway."

11

is overbroad.  The court could not adjudicate the easement rights, if any, of Garver, the current owner of 450 Oak Knoll.

DISPOSITION

The judgment on the Martindales' cross-complaint for declaratory relief is modified as follows:  Finding 1 is modified to read:  "The Haubrock Easement, as identified in the grant deed recorded in official records of Los Angeles County December 29, 1964 [Instrument No. 4339] is extinguished only as against Desmet."  Finding 3 is deleted as overbroad as stated in the opinion.  In all other respects, the judgment is affirmed.

The parties are to bear their own costs on appeal.


**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**



ALDRICH, J.


We concur:


KLEIN, P. J.



KITCHING, J.


12